PEOPLE v TESKE

Docket No. 83647. Submitted September 6, 1985, at Lansing.—Decided October 1, 1985.

Timothy D. Teske was seventeen years old and had no prior convictions or involvement with the criminal justice system when he was arrested and charged in Monroe Circuit Court with armed robbery and felony-firearm. Defendant pled guilty to the armed robbery charge pursuant to a plea agreement by which the felony-firearm charge was dismissed. The plea of guilty was taken under advisement due to a request by defendant that he be granted youthful trainee status under the Holmes Youthful Trainee Act. The court, after consideration, denied the request for trainee status, accepted the plea of guilty and sentenced defendant to a prison term of from 2 to 10 years, William J. Weipert, J. Defendant appealed, claiming that the trial court abused its discretion in denying him youthful trainee status. *Held:*

The trial court did not abuse its discretion by considering the seriousness of the offense in determining whether to grant youthful trainee status.

Affirmed.

1. CRIMINAL LAW — STATUTES — HOLMES YOUTHFUL TRAINEE ACT.

The Holmes Youthful Trainee Act is a remedial statute and should be construed liberally (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.).*

2. CRIMINAL LAW — YOUTHFUL TRAINEES.

No abuse of discretion occurs by a trial court's consideration of the seriousness of the offense when making a decision as to whether or not it should grant a defendant youthful trainee status.

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 8 *et seq.,* 22 *et seq.*

Am Jur 2d, Statutes §§ 278-280.

Possibility of rehabilitation as affecting whether juvenile offender should be tried as adult. 22 ALR4th 1206.

See also the annotations in the ALR3d/4th Quick Index under Juvenile Courts and Delinquency.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Lavoy,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kim Robert Fawcett),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He subsequently entered a plea of guilty to the armed robbery charge in return for dismissal of the felony-firearm count. After establishing a factual basis for the plea, the trial court took the plea under advisement for consideration of defendant's request that he be granted trainee status under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.* (HYTA). HYTA status was denied, and defendant was sentenced to from 2 to 10 years' imprisonment with credit for 110 days served. He appeals as of right, claiming that the trial court abused its discretion in denying HYTA status.

This case arose from defendant's securing his father's .357 magnum revolver and using it to rob a female attendant at a Total gas station in Monroe County of $51. Defendant had no prior convictions or involvement with the criminal justice system. At the time of the taking of the plea, the trial judge remarked that in his 28 years on the bench this was the first time that anyone had ever requested that he grant HYTA status for an armed robbery offense. He indicated, however, that

he "would be glad to consider these circumstances in the proper course" and that since this was a matter of discretion he would not accept the plea until he had made a determination on the HYTA request. After making its investigation, the probation department recommended against HYTA status. The trial judge indicated that after considering all the circumstances he agreed with the probation department and HYTA status was denied.

Defendant asserts on appeal that the trial court should be deemed to have relied "nearly exclusively" on the seriousness of the offense and not to have properly considered possible collateral adverse consequences to defendant of being burdened with a criminal record, as well as adverse civil consequences.

We agree with defendant that HYTA is a remedial statute and should be construed liberally. *People v Brandy,* 35 Mich App 53, 57; 192 NW2d 115 (1971). Contrary to the position taken by defendant, however, we find no abuse of discretion in this case. It is true that the trial court considered the seriousness of the offense in determining whether to grant HYTA status. It did so quite properly in exercising its discretion. *People v Fitchett,* 96 Mich App 251, 253; 292 NW2d 191 (1980). The court also considered defendant's age and other factors, as the following portion of the record demonstrates.

*"The Court:* Very well. Now I have considered what your lawyer has advanced and what was said before in the presentence report, the letters that have been received also. The offense, as Mr. Bronson says, is a highly severe one. The maximum sentence is life imprisonment, as you know, because a life has been endangered here, and very much endangered. This was a pretty powerful gun you had, a 357 magnum revolver of your father's. You robbed the attendant at the Total

gas station, a Miss Powell, at gunpoint on July 16th of this year, escaping with the money, and were apprehended shortly thereafter.

"According to Mr. Blackwell's report, you first told the police that you used a BB gun but later admitted that it was the revolver that I referred to earlier, didn't you?

*Mr. Teske:* Yes, Your Honor.

*"The Court:* You're still seventeen?

*"Mr. Teske:* Yes, your Honor.

*"The Court:* This is your first felony offense. Your're a single young man. You completed the eleventh grade and now have taken your GED, as I understand?

*"Mr. Teske:* Yes, your Honor.

*"The Court:* You have indicated some interest in either vocational training or college too, to Mr. Blackwell.

*"Mr. Teske:* Yes.

*"The Court:* In his investigation, which was extensive, leads him to believe, as he reports to me, that this was an out-of-character thing for you. Of course if it were in-character, there would be no question you'd have the maximum sentence which would be life imprisonment. He does indicate though there had been problems in the past of a behavioral nature. Nothing severe, of course. He points out the need of counselling in the area of behavior modification, as well as vocational or the other training you've spoken of.

"Now, the Court has considered, as it said, the letters from respected citizens who know both your family and yourself. Those include the Reverend Timothy Buzan, I believe, and Reverend Gary Norton of your church in Trenton, and a treacher, Mr. Robert Price, and others, all I might say, well considered and thoughful letters. They ask the Court's consideration of your lack of any earlier offenses and of your youth and good conduct. Certainly the Court has weighed these positive factors heavily on the scales of justice.

"Now, that same justice and the good safety of the community, plus the deterrence of others from such life threatening crimes, also requires the Court to consider the extreme seriousness of the crime referred to al-

ready. That is reflected in the maximum sentence provided for by the law.

"You have had a good home, I know, and have had parental guidance. In your written statement, you refer to confused thoughts,—to having such—to your need of professional counselling, I think you put it or indicated, and that you yourself don't know why you did what you did.

"The Court must then agree with the Probation Department's recommendation against Youthful Trainee Status for the reasons indicated. It is denied, accordingly, and your plea of guilty is accepted."

We do not reverse where matters are committed to the sound discretion of the trial court unless there has been an abuse of that discretion. Abuse of discretion consists of more than an appellate panel merely "second guessing" the decisions of a trial judge. See *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959).

Affirmed.