PEOPLE v TRINITY

Docket No. 118428. Submitted January 18, 1991, at Detroit. Decided May 6, 1991, at 9:50 A.M.

Christopher F. Trinity was charged in the St. Clair Circuit Court with receiving and concealing stolen property with a value in excess of $100. The court, James T. Corden, J., granted the defendant's petition for youthful trainee status under the Youthful Trainee Act. The prosecutor appealed, alleging that the act unconstitutionally violates the separation of powers doctrine because it grants courts the ability to accept a youthful trainee petition and ultimately dismiss a case without prosecutorial consent and, in doing so, it grants the courts the power to review prosecutorial discretion in bringing a charge against a person without hearing any evidence regarding the merits of the case and without a legitimate basis for judicial review.

The Court of Appeals *held:*

The Youthful Trainee Act presents no separation of powers problem. The separation of powers doctrine has never been interpreted to mean that there can never be any overlapping of functions between branches of the government or that there can be no control by one breach over the acts of another. Some overlapping is permissible, provided the area of one branch's exercise of another branch's power is very limited and specific. Any overlap in functions caused by the provisions of the Youthful Trainee Act is insignificant and does not violate the Separation of Powers Clause of the Michigan Constitution.

Affirmed.

CONSTITUTIONAL LAW — SEPARATION OF POWERS — YOUTHFUL TRAINEE ACT.

The Youthful Trainee Act does not violate the Separation of Powers Clause of the Michigan Constitution (Const 1963, art 3, § 2; MCL 762.11 *et seq.*; MSA 28.853[11] *et seq.*).

REFERENCES

Am Jur 2d, Constitutional Law §§ 303, 304, 306, 314; Juvenile Courts and Delinquent and Dependent Children §§ 16, 17, 29.

See the Index to Annotations under Juvenile Courts and Delinquent Children; Separation of Powers.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Marshall Barrymore,* for the defendant.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR. and MICHAEL J. KELLY, JJ.

HOLBROOK, JR., J. The prosecutor appeals as of right from an order of the St. Clair Circuit Court granting defendant youthful trainee status under the Youthful Trainee Act, MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* We affirm.

Defendant was charged with receiving and concealing stolen property with a value of more than $100, MCL 750.535; MSA 28.803. Following his circuit court arraignment, defendant petitioned the court for youthful trainee status. At a January 30, 1989, hearing regarding defendant's petition, the prosecutor argued that the YTA was unconstitutional on separation of powers grounds. The trial court found the act constitutional and granted defendant's petition. Defendant was subsequently sentenced to three years probation under the YTA.

The sole issue on appeal is whether the YTA is violative of the separation of powers doctrine. The prosecutor argues that when the Legislature conveyed to the courts the ability to accept a YTA petition from a defendant and ultimately dismiss a case without prosecutorial consent, it gave the courts the power to review prosecutorial discretion in bringing a charge against a person without hearing any evidence regarding the merits of the case and without a legitimate basis for judicial review. The prosecutor asserts that a statute which permits the judicial branch to exercise exec-

utive functions clearly violates the separation of powers doctrine and thus the YTA is unconstitutional.

Statutes enjoy the presumption of constitutionality. *Johnson v Harnischfeger Corp,* 414 Mich 102, 112; 323 NW2d 912 (1982); *Builders Square v Dep't of Agriculture,* 176 Mich App 494, 496; 440 NW2d 639 (1989). The courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *Rohan v Detroit Racing Ass'n,* 314 Mich 326, 342; 22 NW2d 433 (1946). The party challenging a statute's constitutionality has the burden of proving its invalidity. *League General Ins Co v Catastrophic Claims Ass'n,* 165 Mich App 278, 293; 418 NW2d 708 (1987), rev'd on other grounds 435 Mich 338; 458 NW2d 632 (1990).

The YTA provides for probation for youths "alleged to have committed a criminal offense, other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense, or a traffic offense between [their] seventeenth and twentieth birthdays." MCL 762.11; MSA 28.853(11). A person who successfully completes youthful trainee status will not be considered to have been convicted of a crime, and the record is closed to public inspection. MCL 762.14; MSA 28.853(14). It is a remedial statute and is to be liberally construed. *People v Teske,* 147 Mich App 105, 107; 383 NW2d 139 (1985).

The prosecutor relies on a strict interpretation of the act to argue his point that he has been left out of the process of convicting a potential criminal. The gist of his argument is that the YTA is unconstitutional because youthful trainee status can be conferred without his approval. A prosecutor's duty, however, is to not merely convict, but to seek justice. *People v Wallace,* 160 Mich App 1, 9; 408 NW2d 87 (1987). In the case at bar, the

prosecutor filed an information regarding the defendant, filed a list of witnesses, and argued against giving defendant youthful trainee status. Under the YTA, that is the extent of a prosecutor's role until such time as a youthful trainee violates the terms of the status. If that occurs, the prosecutor can proceed with the prosecution on the original information, because the assignment to youthful trainee status merely acts to suspend the criminal proceedings. If a youthful trainee successfully fulfills the term of youthful trainee status, then the people's interests have been as adequately protected—and justice thereby achieved—as if the youthful trainee had been incarcerated.

The office of prosecutor was created by Const 1963, art 7, § 4, but the executive functions of the office, such as the prosecution of criminal cases, are delineated throughout the statutes and court rules. See *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683-684; 194 NW2d 693 (1972). If a prosecutor's role is defined by statute and the YTA sets up a role slightly different than that which the prosecutor is accustomed to under other statutes, that does not render the YTA unconstitutional on separation of powers grounds.

Const 1963, art 3, § 2, states:

> The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.

The separation of powers doctrine has never been interpreted in Michigan as meaning there can never be any overlapping of functions between branches or no control by one branch over the acts

of another. *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728, 752; 330 NW2d 346 (1982). Some overlapping is permissible provided the area of one branch's exercise of another branch's power is very limited and specific. *Sharp v Genesee Co Election Comm,* 145 Mich App 200, 209; 377 NW2d 389 (1985).

We believe that the YTA presents no separation of powers problem. The YTA is an extremely narrow statute applied in a remedial fashion to a small group of individuals who must meet specific criteria. To require prosecutorial approval before youthful trainee status can be granted would entirely defeat the statute's remedial purpose. Whatever overlap in functions the YTA involves is insignificant and clearly does not violate the Separation of Powers Clause of the Michigan Constitution.

Affirmed.