# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
February 15, 2018

v

MAURICIO LUCAS-LOPEZ,

      Defendant-Appellant.

No. 337603
Kent Circuit Court
LC No. 16-002357-FC

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

A jury convicted defendant of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b). The trial court sentenced defendant to concurrent terms of 25 to 50 years' imprisonment for the CSC-I conviction and 7½ to 15 years' imprisonment for the CSC-II conviction. We affirm.

Defendant and the victim's mother were in a relationship for approximately 14 years. They had two children together, but the victim was not defendant's child. The victim claimed that defendant sexually abused her, starting when she was four to six years old and ending when she was eight years old. At the time of trial, the victim was 15 years old and defendant was 39 years old.

The victim testified that on one occasion while defendant was babysitting her, he brought her into a bedroom, groped her unclothed body, engaged in digital/vaginal and penile/vaginal penetration, and performed cunnilingus on her. The victim did not disclose the abuse to anyone until 2015. She disclosed the sexual abuse to her mother after the two of them watched a movie wherein the main character was sexually abused as a minor.

After the victim disclosed the sexual abuse, her mother called the victim's father and police. After speaking with a police officer, the victim's parents brought her to the Children's Assessment Center (CAC) where she was examined by a nurse and interviewed.[1]

---

[1] The parties stipulated in lieu of testimony on the matter, that the victim was examined by a sexual assault nurse examiner and that the examiner found no signs of injury and was not otherwise able to establish or refute whether there had been sexual penetration at some time.

Detective Jeffrey Bouma of the Grand Rapids Police Department was assigned to the case. Bouma observed the victim's forensic interview at the CAC from a two-way mirror. He testified that proper protocol was used during the forensic interview. Bouma obtained defendant's work address, which was also his residence, and spoke to defendant at that address. Bouma then brought defendant to the Grand Rapids Police Department for a formal interview. Defendant indicated that he understood English and Spanish, and he chose to conduct the interview in English. Bouma advised defendant of his *Miranda*[2] rights, which defendant indicated he understood. Bouma then interviewed defendant. During the interview, defendant denied penetrating the victim.

After the jury trial was conducted, the trial court instructed the jury on the elements of CSC-I and CSC-II. The jury found defendant guilty as charged. At sentencing, the trial court stated:

> And the evidence at the trial established that during 2006 and 2007, you engaged in sexual contact and digital/vaginal and penile/vaginal penetration with the victim . . . . You don't have much of a prior record . . . . Your guidelines are 81 to 135 months, but as your attorney has mentioned, the offense of which you were convicted carries a mandatory minimum term of 25 years, which the Court must impose, even if that term greatly exceeds the guidelines, which it does in this case.

Defendant first argues that he was denied a fair trial because the jury was not instructed on CSC-II as a lesser included offense of CSC-I. We disagree. Because defendant did not object on the record before the jury retired to consider the verdict, the issue is unpreserved for appellate review. MCR 2.512(C); *People v Young*, 472 Mich 130, 132; 693 NW2d 801 (2005). Therefore, we review defendant's claim for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"[A] requested instruction on a [lesser included offense] is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). A lesser offense jury instruction may not be given for a cognate lesser offense. *People v Heft*, 299 Mich App 69, 74; 829 NW2d 266 (2012). A cognate lesser offense is an offense that contains an element not found in the greater offense. *Id*.

The Michigan Supreme Court discussed the applicable law for lesser included and cognate lesser offenses in *People v Lemons*, 454 Mich 234, 253; 562 NW2d 447 (1997), stating:

> When reviewing the propriety of a requested lesser included offense instruction, we first determine if the lesser offense is necessarily included in the greater charge, or if it is a cognate lesser included offense. Necessarily included

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

lesser offenses must be such that it is impossible to commit the greater without first having committed the lesser. . . . Cognate lesser included offenses are related and hence cognate in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense. [Quotation marks and citation omitted; ellipsis in original.]

Our Supreme Court in *Lemons* determined that CSC-II was a cognate lesser offense, not a lesser included offense, of CSC-I, stating, "[B]ecause CSC-II requires proof of an intent not required by CSC-I—that defendant intended to seek sexual arousal or gratification—CSC-II is a cognate lesser offense of CSC-I." *Id*. at 253-254. Because our Supreme Court has already determined that CSC-II is not a lesser included offense of CSC-I, defendant was not entitled to a jury instruction on the matter. Therefore, we conclude that defendant has not demonstrated plain error affecting his substantial rights.

Defendant next argues that the 25-year mandatory minimum sentence provided under MCL 750.520b(2)(b) unconstitutionally violates the separation of powers doctrine because it is effectively an usurpation of the judiciary's domain by the Legislature. We disagree. Whether a statute violates the separation of powers doctrine is a constitutional question that we review de novo. *People v Garza*, 469 Mich 431, 433; 670 NW2d 662 (2003).

"Statutes enjoy the presumption of constitutionality. The courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Trinity*, 189 Mich App 19, 21; 471 NW2d 626 (1991) (citations omitted). Unlike the United States Constitution, the Michigan Constitution expressly includes a separation of powers doctrine. The Michigan Constitution states, "The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2; *Garza*, 469 Mich at 433.

"The separation of powers doctrine has never been interpreted in Michigan as meaning there can never be any overlapping of functions between branches or no control by one branch over the acts of another. Some overlapping is permissible provided the area of one branch's exercise of another branch's power is very limited and specific." *Trinity*, 189 Mich App at 22-23 (citation omitted). "The ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature. The authority to impose sentences and to administer the sentencing statutes *enacted by the Legislature* lies with the judiciary." *Garza*, 469 Mich at 434 (citations omitted); see also *People v Babcock*, 244 Mich App 64, 71; 624 NW2d 479 (2000) ("[T]here has never been any legitimate dispute that the Legislature holds ultimate authority for determining the appropriate sentencing scheme for our state"), rev'd on other grounds in *People v Babcock*, 469 Mich 247 (2003).

Relevant to this case, the Legislature provided a penalty for the criminal offense of a person 17 years of age or older committing CSC-I against a person 13 years old or younger—that the offender be sentenced to a mandatory minimum term of 25 years' imprisonment. MCL 750.520b(2)(b). Defendant was convicted of that criminal offense. The trial court, relying on the statute enacted by the Legislature, sentenced defendant to the mandatory minimum term of

25 years' imprisonment. We conclude that any overlap in the Legislature's and judiciary's powers was limited and specific. *Trinity*, 189 Mich App at 22-23. The overlap was limited to sentencing, and it was specific to the crime of CSC-I by an offender over the age of 17 against a victim under the age of 13. MCL 750.520b(2)(b). Moreover, we conclude that any alleged unconstitutionality of the statute is not clearly apparent. *Trinity*, 189 Mich App at 21. Accordingly, we conclude that the 25-year mandatory minimum sentence under MCL 750.520b(2)(b) is not a violation of the separation of powers doctrine.

Defendant lastly argues that the mandatory minimum sentence under MCL 750.520b(2)(b) was unconstitutionally cruel or unusual punishment. We disagree. Because defendant did not preserve this claim by raising the issue in the trial court, we review it for plain error affecting his substantial rights. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013), citing *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). However, the constitutionality of a statute is a question of law that we review de novo. *People v Roberts*, 292 Mich App 492, 496; 808 NW2d 290 (2011).

The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel *and* unusual punishments inflicted." US Const, Am VIII; *People v Bullock*, 440 Mich 15, 27 n 8; 485 NW2d 866 (1992). The Michigan Constitution states, "Excessive bail shall not be required; excessive fines shall not be imposed; cruel *or* unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained." Const 1963, art 1, § 16; *Bullock*, 440 Mich at 27 n 8.

Our Supreme Court in *Bullock* discussed a four-part test for determining whether a sentence was cruel or unusual under Michigan's Constitution: we must (1) weigh the gravity of the offense with the harshness of the penalty; (2) compare sentences imposed on other offenders in the same jurisdiction; (3) compare the sentences imposed for commission of the same crime in other jurisdictions; and (4) determine whether the sentence imposed furthers the goal of rehabilitation. *Bullock*, 440 Mich at 33-34. "If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011) (quotation marks and citation omitted).

In *Benton*, we analyzed the exact argument that defendant now raises, and we determined that the 25-year mandatory minimum under MCL 750.520b(2)(b) was not cruel or unusual punishment. *Id*. at 207. Regarding the first factor, we determined that the 25-year mandatory minimum sentence was not overly severe compared to the gravity of committing a sexual crime against a child. *Id*. at 205-206. The decision was supported by Michigan's public policy of protecting children from sexual exploitation. *Id*. at 205. Regarding the second factor, we determined that the mandatory sentence was not unduly harsh compared to penalties for other violent offenses in Michigan. *Id*. at 206. Similar to the first factor, this decision was based on the policy that "[t]he perpetration of sexual activity by an adult with a preteen victim is an offense that violates deeply ingrained social values of protecting children from sexual exploitation." *Id*. Regarding the third factor, we determined that at least 18 other states (Arkansas, California, Delaware, Florida, Georgia, Kansas, Louisiana, Montana, Nevada, North Carolina, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Washington, West Virginia, and Wisconsin) imposed the same penalty for the same offense. *Id*. at 206-207 n 1. We did not discuss the fourth factor.

In this case, defendant admits that *Benton* is controlling Michigan caselaw and that he is only raising the argument to preserve the issue should there be a change in the law. Because we have published caselaw on this exact issue and have determined that the 25-year mandatory minimum sentence is not cruel or unusual punishment, we conclude that defendant has not demonstrated plain error affecting his substantial rights or that the sentence constituted cruel or unusual punishment.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron