EVANSTON Y.M.C.A. CAMP v. STATE TAX COMMISSION.

1. STATUTES—CONSTRUCTION.

Effect must be given to all statutory language employed by the legislature and the history of the legislation should be considered in determining the purpose of the legislature and to discover how the policy of the legislature with reference to the subject matter has been changed or modified from time to time.

2. TAXATION—CONSTRUCTION OF STATUTES—EXEMPTIONS.

Imposition provisions of a taxing statute should be construed in favor of a taxpayer but exemption provisions must be strictly construed in favor of the taxing agency.

3. SAME—EXEMPTIONS.

Exemptions from taxation are never presumed and the burden is on a claimant to establish clearly his right to exemption as taxation is the rule and exemption the exception.

4. SAME—EXEMPTIONS.

Once an exemption from taxation is found to exist it must not be enlarged by construction as the reasonable presumption is that the State has exempted in express terms all that it intended to grant at all.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes §§ 294–296, 306.
[2, 3, 4] 51 Am Jur, Taxation § 524.
[5] 50 Am Jur, Statutes §§ 249, 250, 367.
[6–8, 11, 13] 51 Am Jur, Taxation §§ 639–643.
  Exemption from taxation of the property of a Y.M.C.A. or Y.W.C.A. 81 ALR 1453.
[9] 11 Am Jur, Constitutional Law § 111.
[10] 11 Am Jur, Constitutional Law §§ 114, 115.
[12] 51 Am Jur, Taxation §§ 520–523.
[14] 14 Am Jur, Costs § 91.

5. STATUTES—CONSTRUCTION—GENERAL AND PARTICULAR PROVISIONS.
   The general provisions of a statute also containing particular provisions anent the same subject matter at variance with the general provisions will be construed as being controlled by the particular provisions, and the general provisions applied to affect only such cases as are not within the particular provisions.

6. TAXATION—EXEMPTIONS—BOARD OF REVIEW—STATE TAX COMMISSION—SUPREME COURT—CHARITABLE, BENEVOLENT, OR EDUCATIONAL INSTITUTION.
   A Michigan nonprofit, nonstock, membership corporation was not entitled to exemption of its Y.M.C.A. camp property from taxation under the general property tax act merely because it was a charitable, benevolent, or educational institution, where such claim for exemption had not been advanced at the hearing before the board of review or the State tax commission, and especially where the statute contained particular provisions restricting the exemption of property of organizations such as claimant (CL 1948, § 211.7, as amended by PA 1960, No 155, and by PA 1961, No 238).

7. SAME—EXEMPTIONS—MEMBERSHIP IN YOUNG MEN'S CHRISTIAN ASSOCIATION.
   The term *membership*, as used in provision of general property tax law exempting from taxation land owned "by young men's Christian associations * * * if at least 50% of the membership of the associations or organizations are residents of this State," is construed as being used in the ordinary context of *membership* in the association and not as used in the corporation law whereby only the members charged with the responsibility of the management of the corporate affairs need be residents (CL 1948, § 211.7, as amended by PA 1960, No 155).

8. SAME — EXEMPTIONS — Y.M.C.A. — MEMBERSHIP — CONSTRUCTION OF STATUTES—INTENT.
   Provision of exemption section of general property tax law limiting exemption of Y.M.C.A. property to those organizations where *at least 50% of the membership of the associations or organizations are residents of this State* indicated a desire on the part of the legislature to assist the youth of this State rather than to facilitate the enforcement of sanitary and other State laws and regulations with respect to the association's operations as claimed by plaintiff nonprofit, nonstock, membership corporation whose managerial members were Mich-

igan residents (CL 1948, § 211.7, as amended by PA 1960, No 155).

9. Constitutional Law—Statutes.

One who assails the constitutionality of a statute must stand on his own right to relief.

10. Same—Statutes—Equal Protection of Laws.

One who would strike down a statute as unconstitutional on the basis of a denial of equal protection of the laws must bring himself, by proper averments and showing, within the class as to whom the act attacked is unconstitutional (US Const, Am 14).

11. Taxation—Equal Protection of the Laws—Exemptions— Y.M.C.A.

Plaintiff, a Michigan nonprofit, nonstock, membership corporation, *held*, not entitled to claim unconstitutional that provision of exemption section of general property tax act limiting, as a matter of right, exemption of property of Y.M.C.A. organizations to those having 50% of their membership who are residents of this State, since plaintiff is a Michigan corporation and does not come within the class against whom discrimination could be made (CL 1948, § 211.7, as amended by PA 1960, No 155).

12. Same—Exemptions—Classification.

The power of the State legislature to provide for the exemption of property from taxation implies the power of discrimination and classification and to select differences which may neither be great nor conspicuous (CL 1948, § 211.7, as amended by PA 1960, No 155).

13. Same—Exemptions—Y.M.C.A.—Equal Protection.

Provision of exemption clause of general property tax act that exemption of the property of Y.M.C.A. organizations shall be made as a matter of right only if at least 50% of the membership of the associations or organizations are residents of this State *held*, not unconstitutional and invalid as a discrimination based on residence in violation of the equal protection clause of the Constitution of the United States (US Const, Am 14; CL 1948, § 211.7, as amended by PA 1960, No 155).

14. Costs—Public Question—Taxation—Exemption of Y.M.C.A. Camp Property.

No costs are allowed on appeal from State tax commission as to its approval of assessment of appellant's property used for Y.M.C.A. camp purposes as not exempt, a public question being

involved (US Const, Am 14; CL 1948, § 211.7, as amended by PA 1960, No 155).

Appeal from State Tax Commission. Submitted November 8, 1962. (Docket No. 63, Calendar No. 49,686.) Decided December 31, 1962. Rehearing denied February 6, 1963. Motion to dismiss granted by the supreme court of United States October 14, 1963.

Certiorari by Evanston Y.M.C.A. Camp, a Michigan nonprofit corporation, against the State Tax Commission to review determination of assessment for tax purposes of property in Sherman township, Newaygo county, claimed exempt. Order approving assessment affirmed.

*Reber & Reber* (*Harry D. Reber,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for defendant.

KELLY, J. The Sherman township, Newaygo county, supervisor assessed appellant's property at a $20,000 valuation. Appellant protested, claiming the property was legally exempt. The board of review denied the petition for exemption. The State tax commission affirmed the board of review, and, on leave granted, this appeal is taken in the nature of certiorari.

Appellant was duly incorporated (November 22, 1923) as a Michigan nonprofit, nonstock, membership corporation, and its purposes were described in article 3 as follows:

"To provide benevolent and charitable means whereby young men and boys may obtain physical,

social, moral, and religious culture, and the develop-
ment of Christian character through life in the out-
of-doors; to hold, own, and purchase or otherwise
acquire, and to sell, convey, mortgage, handle,
manage, or otherwise dispose of, any real or personal
property, that may, in the judgment of the trustees
or directors of this corporation, be necessary or
proper to carry out and effectuate the purposes
aforesaid."

In 1923 appellant acquired less than 400 acres of
land in Newaygo county and has improved same by
constructing thereon a dining hall, social lodge, in-
firmary, 14 cabins, craft shop, warehouse, pump
house, and directors' cabin.

Appellant contends the property is exempt from
taxation for the year 1961 under paragraph
"Fourth," of section 7 of the general property tax
act as amended by PA 1960, No 155 (CL 1948, § 211.7,
as amended [Stat Ann 1960 Rev § 7.7, as amended]).

In construing said paragraph we follow the cardi-
nal rule that effect must be given to all statutory
language employed by the legislature and that the
history of legislation should be considered in deter-
mining the purpose of the legislature.

In *Remus* v. *City of Grand Rapids,* 274 Mich 577,
581, we stated:

" ' "In the construction of a particular statute, or
in the interpretation of any of its provisions, all acts
relating to the same subject, or having the same
general purpose, should be read in connection with
it, as together constituting one law. The endeavor
should be made, by tracing the history of legislation
on the subject, to ascertain the uniform and consist-
ent purpose of the legislature, or to discover how the
policy of the legislature with reference to the subject-
matter has been changed or modified from time to
time." 36 Cyc pp 1147–1149.' (Quoted in *Miles, ex
rel. Kamferbeek,* v. *Fortney,* 223 Mich 552, 558.)"

The history of the act in question discloses that the pertinent portion of paragraph "Fourth" has been amended 4 times since 1938. Prior to its amendment by PA 1939, No 232, this paragraph contained only 2 sentences, and read as follows:

"Fourth, Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions and memorial homes of world war veterans incorporated under the laws of this State with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated. Also charitable homes of fraternal or secret societies."

PA 1939, No 232, added 1 additional sentence:

"*Also real estate owned by any boy or girl scout organization, while occupied by them solely for the purpose for which they were incorporated or established.*"

This sentence, however, was amended by PA 1941, No 125, to read:

"Also real estate *not to exceed 160 acres of land* owned by any boy or girl scout organization, while occupied by them solely for the purpose for which they were incorporated or established."

PA 1960, No 155, again amended this sentence so that it read:

"Also real estate not to exceed *400* acres of land *in this State* owned by any boy or girl scout organization, *or by young men's Christian associations or young women's Christian associations, if at least 50% of the membership of the associations or organizations are residents of this State,* while occupied by them solely for the purpose for which they were incorporated or established."

This same sentence was last amended by PA 1961, No 238, by inserting between the words "State" and "while," the following language: *"but upon petition*

*of any association or organization the board of*
*supervisors may waive the residence requirement."*

It is appellant's position that 4 categories of
exempt property are provided by said paragraph
"Fourth" and that each of the 4 sentences thereof
contains a description of at least 1 such category
that is separate and distinct from the others; that
appellant's real estate falls within the scope of the
category of the first sentence which exempts real
estate owned and occupied by "benevolent, chari-
table, educational  *  *  *  institutions" and, also,
by the third sentence exempting real estate of "young
men's Christian associations or young women's
Christian associations."

Appellant, citing *Ready-Power Company* v. *City*
*of Dearborn,* 336 Mich 519, states that it is a "funda-
mental principle that tax laws are to be construed
liberally in favor of the taxpayer."

Appellant raises the following question:

"Is there any evidence in the certified original
record to support the order of the tax commission
determining that such real estate of appellant is
correctly assessed and that the assessment has been
made in compliance with law?"

Appellant evidently proceeds on the fallacious
theory that it is entitled to exemption unless the com-
mission established that it was not entitled to an
exemption.

While it is true that the imposition provisions of
a taxing statute should be construed in favor of the
taxpayer, this rule of construction does not supplant
or eliminate the important rule to be applied in the
question here presented: That exemption provisions
must be strictly construed in favor of the taxing
agency.

We made this clear in *City of Detroit* v. *Detroit*
*Commercial College,* 322 Mich 142, when we quoted

2 Cooley on Taxation (4th ed), § 672, pp 1404–1408, as follows (p 149):

" 'Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it. Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant.' "

When we construe statutory language containing both specific and general provisions, we adopt the rule set forth in 50 Am Jur, Statutes, § 367, p 371:

"Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision."

See, also, *Dossin's Food Products, Inc.,* v. *State Tax Commission,* 360 Mich 312; *Mayor of Port Huron* v. *City Treasurer of Port Huron,* 328 Mich 99.

*Is appellant's property exempt under the category provided by the first sentence of paragraph "Fourth" exempting the following:*

"Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions and memorial homes of world war veterans incorporated under the laws of this State with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated"?

Appellant did not claim the right of exemption under the provisions referring to charitable, benevolent, or educational institutions at the hearing before the board of review or the State tax commission.

Appellant matched the legislature's 1960 amendment granting young men's Christian associations exemption on 400 acres of land if 50% of the membership are residents of the State, by executing (November 30, 1960) an amendment to its articles of incorporation and filing a certificate of same with the Michigan corporation and securities commission disclosing:

"The qualifications required of officers and members are as follows:—That they be members in good standing of the Y.M.C.A. of Evanston, Illinois, provided, at least 50% of such members shall be residents of the State of Michigan."

We quote with approval the following from appellee's brief:

"The argument of appellant that the general benevolent, charitable and educational exemption is applicable to it is untenable. Such an argument gives no effect whatsoever to the restrictive language added to paragraph Fourth by PA 1960, No 155, which amendatory language specifically provides that only those Y.M.C.A. organizations that meet the resident membership requirement therein set forth are entitled to the property tax exemption therein granted. Such an argument gives no effect to the specific statutory language applicable to

Y.M.C.A. organizations and thereby violates a cardinal rule of construction that effect must be given to all statutory language employed by the legislature.   *   *   *

"In arguing that it is entitled to this general exemption as well as to the specific exemption granted Y.M.C.A. organizations, appellant overlooks another cardinal rule of construction which requires the special provisions of an enactment to be read as exceptions to general provisions."

We hold that appellant was not entitled to an exemption under the first sentence of paragraph "Fourth."

*Is the real estate of appellant exempt from taxation as falling within the category of the third sentence of the controlling statute, exempting real estate of young men's or young women's Christian associations?*

Appellant defines the word "membership" as used in the statute as follows:

"Clearly, the 'ordinary meaning' of the term 'membership' in this statute, as claimed by appellee, does not extend to the campers occupying the camp maintained by the corporation, who need no affiliation whatever with the corporate organization of appellant.

"It is more reasonable to conclude that the legislature imposed the residential requirement to apply to those members who were so charged with the responsibility of the management of the corporate affairs, as to facilitate the enforcement of sanitary and other State laws and regulations, with respect to its operations. This would be an 'ordinary meaning' of the term 'membership,' and not mere formalism."

Appellee answers such contention by stating:

"It is a strange and constrained construction of the statutory language in question to presume that

the legislature, in granting real-estate exemptions
to young men's and young women's Christian organ-
izations, was concerned with the place of residence
of 5 members of the Evanston, Illinois, Y.M.C.A.
rather than the utilization of the properties by the
youth of this State. It thus seems reasonable to con-
clude that the legislature used the term 'member-
ship' in the ordinary context when it referred to
membership in a young men's Christian organiza-
tion.

"Undoubtedly, the exemption in question pertains
to the concern of the Michigan legislature to make
provision for camp and recreation facilities for its
youth. To hold otherwise would place empty
formalism over substance."

The construction of appellant that the legislature
was concerned with "those members who were so
charged with the responsibility of the management
of the corporate affairs," plus appellant's contention
that the legislature used the word "membership" as
it used that word in the corporation law, does not
meet the fact that the exemption was not confined
to corporation but also included unincorporated
organizations and associations.

The legislature emphasized the importance it
placed upon the 1960 amendment to paragraph
"Fourth" providing that "at least 50% of the mem-
bership of the associations or organizations are
residents of this State," by the 1961 amendment to
the same sentence providing that "upon petition of
any association or organization the board of super-
visors may waive the residence requirement."

The order from which this appeal is taken deter-
mined that appellant's land was correctly assessed
for 1961 taxes, and there is merit to appellant's con-
tention that the 1961 amendment to paragraph
"Fourth" does not apply to the 1961 assessment be-

cause of section 2 of the general property tax act, which reads in part as follows:

"The taxable status of persons and real property after January 1, 1958, shall be determined as of December 31, 1958, and each December 31 thereafter, which shall be deemed the tax day." CL 1948, § 211.2, as amended by PA 1958, No 209 (Stat Ann 1960 Rev § 7.2).

It is our opinion that the legislature in adopting the 1960 amendment was motivated by a desire to assist the youth of this State rather than by a concern "to facilitate the enforcement of sanitary and other State laws and regulations, with respect to its (the association's) operation," and we hold that the commission did not err in finding that appellant's property was not exempt from taxation by the third sentence of paragraph "Fourth" exempting real estate of "young men's Christian associations or young women's Christian associations."

*Is the clause "if at least 50% of the membership of the associations or organizations are residents of this State" unconstitutional and invalid as a discrimination based on residence prohibited by section 1 of the Fourteenth Amendment to the Federal Constitution guaranteeing equal protection of the laws?*

"One who assails the constitutionality of a statute must stand on his own right to relief." *Duckworth* v. *Arkansas,* 314 US 390, 397 (62 S Ct 311, 86 L ed 294, 138 ALR 1144).

"It is a well-established rule of constitutional law that one who would strike down a statute as unconstitutional 'must bring himself, by proper averments and showing, within the class as to whom the act thus attacked is unconstitutional.'" *General Motors Corp.* v. *Attorney General,* 294 Mich 558, 566 (130 ALR 429).

This is not a case where the legislature singled out a particular class denoted "nonresidents" for the purpose of imposing a tax. No discrimination between "residents" and "nonresidents" is involved, since appellant is a Michigan corporation.

The only constitutional question refers to the power of the legislature to classify property for ad valorem property tax exemptions by determining it would exempt from taxation certain associations and organizations when 50% of their membership resided in Michigan. We dealt with the power of classification in *Banner Laundering Co.* v. *State Board of Tax Administration,* 297 Mich 419, and in deciding that case we quoted from *Citizens' Telephone Co.* v. *Fuller,* 229 US 322, 328, 329, 331 (33 S Ct 833, 57 L ed 1206), as follows (pp 432, 433):

" 'It is manifest, therefore, that there are marked differences between the taxed and nontaxed companies, and the differences might be pronounced arbitrary if the rule urged by appellant should be applied, that is, that in the taxation of property no circumstance should be considered but its value, or, to use appellant's words, "each dollar's worth should be treated alike." But such rigid equality has not been enforced. In Michigan the legislature has the power of prescribing the subjects of taxation and exemption, notwithstanding the Constitution of the State requires the legislature to provide a uniform rule of taxation, except on property paying specific taxes. *People* v. *Auditor General,* 7 Mich 84; *Board of Supervisors* v. *Auditor General,* 65 Mich 408; *National Loan & Investment Co.* v. *City of Detroit,* 136 Mich 451. The power of exemption would seem to imply the power of discrimination, and in taxation, as in other matters of legislation, classification is within the competency of the legislature. We said in *American Sugar Refining Co.* v. *Louisiana,* 179 US 89, 92 (21 S Ct 43, 45 L ed 102), that from time out of mind it has been the policy

of this Government to classify for the purpose of taxation. * * *

" 'Granting the power of classification, we must grant government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. *Keeney* v. *Comptroller of New York*, 222 US 525, 536 (32 S Ct 105, 56 L ed 299, 38 LRA NS 1139). The State is not bound by any rigid equality. This is the rule; its limitation is that it must not be exercised in "clear and hostile discriminations between particular persons and classes." See *Quong Wing* v. *Kirkendall*, 223 US 59, 62, 63 (32 S Ct 192, 56 L ed 350). Thus defined and thus limited, it is a vital principle, giving to the government freedom to meet its exigencies, not binding its action by rigid formulas but apportioning its burdens and permitting it to make those "discriminations which the best interests of society require." ' "

The clause "if at least 50% of the membership of the associations or organizations are residents of this State" is not unconstitutional and invalid as a discrimination based on residence prohibited by section 1 of the Fourteenth Amendment to the Federal Constitution guaranteeing equal protection of the laws.

The order of the State tax commission is affirmed. No costs, a public question being involved.

CARR, C. J., and DETHMERS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with KELLY, J.

BLACK, J., concurred in result.

ADAMS, J., did not sit.