PEOPLE v McDONALD

Docket No. 156546. Submitted July 7, 1993, at Lansing. Decided
August 17, 1993, at 9:10 A.M. Leave to appeal sought.

James L. McDonald was convicted by a jury in the 71-B District
Court of operating a vehicle while having an unlawful blood
alcohol level. He appealed, and the Tuscola Circuit Court,
Patrick R. Joslyn, J., reversed the conviction on the basis that
MCL 257.625a; MSA 9.2325(1), which permits the introduction
of evidence of a defendant's refusal to submit to a chemical
breath analysis and requires a cautionary instruction, is an
invasion of a power that is vested exclusively in the judicial
branch of government and violates Const 1963, art 6, § 5. The
people appealed by leave granted.

The Court of Appeals *held:*

1. The district court did not err in allowing the prosecutor to
ask the arresting officer whether the defendant submitted to a
chemical breath analysis and in submitting a cautionary in-
struction to the jury, as permitted by MCL 257.625a; MSA
9.2325(1).

2. MCL 257.625a(7); MSA 9.2325(1)(7), which is now MCL
257.625a(10); MSA 9.2325(1)(10), does not violate Const 1963,
art 6, § 5.

3. The Legislature may enact statutory rules of evidence that
do not conflict with the Michigan Rules of Evidence, and those
statutory rules are enforceable until superseded by the Su-
preme Court.

Reversed and remanded.

1. CONSTITUTIONAL LAW — EVIDENCE — CRIMINAL LAW — UNLAWFUL
   BLOOD ALCOHOL LEVEL — CHEMICAL TESTS.

The section of the Vehicle Code that provides that evidence of a
defendant's refusal to submit to a chemical test is admissible in
a criminal prosecution for certain violations of the Vehicle
Code only for the purpose of showing that the test was offered,

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 121-132, 297, 305-
308, 375, 379; Courts §§ 82-86; Trial § 582.

Admissibility in criminal case of evidence that accused refused to
take test of intoxication. 26 ALR4th 1112.

but not as evidence in determining the guilt of the defendant, and that requires that the jury be instructed accordingly, is not unconstitutional and does not violate the Supreme Court's rule-making powers (Const 1963, art 6, § 5; MCL 257.625a[7]; MSA 9.2325[1][7], now MCL 257.625a[10]; MSA 9.2325[1][10]).

2. COURTS — PROCEDURE — RULE-MAKING POWER — STATUTORY RULES OF EVIDENCE:

The Supreme Court's rule-making power in matters of court practice and procedure is superior to that of the Legislature; however, the Legislature may enact statutory rules of evidence that do not conflict with the Michigan Rules of Evidence, and those statutory rules are enforceable until superseded by the Supreme Court (Const 1963, art 6, § 5; MRE 101).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James R. Reed,* Prosecuting Attorney, and *David M. Delaney,* Assistant Prosecuting Attorney, for the people.

*Professional Law Offices of Frank & Forster* (by *Stuart W. Hyvonen*), for the defendant.

Before: MACKENZIE, P.J., and GRIFFIN and W. L. CAHALAN,* JJ.

PER CURIAM. Following a district court jury trial, defendant was convicted of operating a vehicle while having an unlawful blood alcohol level (OUIL/UBAL), MCL 257.625; MSA 9.2325. During defendant's trial, the prosecutor was allowed, over defense objection, to ask the arresting officer whether defendant submitted to a chemical breath analysis. The question was allowed and a cautionary instruction was given pursuant to MCL 257.625a(7); MSA 9.2325(1)(7) [now MCL 257.625a(10); MSA 9.2325(1)(10)]. That statute provides in relevant part:

A person's refusal to submit to a chemical test

---

* Circuit judge, sitting on the Court of Appeals by assignment.

. . . shall be admissible in a criminal prosecution for [OUIL/UBAL] only for the purpose of showing that a test was offered to the defendant, but not as evidence in determining innocence or guilt of the defendant. The jury shall be instructed accordingly.

The circuit court reversed defendant's conviction on the basis that this subsection of MCL 257.625a; MSA 9.2325(1) is an unconstitutional legislative "invasion of a power that is vested exclusively in the judicial branch of government." The court reasoned that under Const 1963, art 6, § 5—which authorizes the Supreme Court to promulgate rules of court practice and procedure—the Legislature has neither the "power to control the practice and procedure of the Courts of this State" nor "the power to control what evidence is admissible in the Courts of this State."

The people appeal by leave granted. We hold that the above-quoted subsection of MCL 257.625a; MSA 9.2325(1) does not violate Const 1963, art 6, § 5. Accordingly, we reverse.

Under Const 1963, art 6, § 5, the Supreme Court's rule-making power in matters of court practice and procedure is superior to that of the Legislature. *Mumaw v Mumaw,* 124 Mich App 114, 120; 333 NW2d 599 (1983). The rules of practice and procedure include the rules of evidence. *Id.* This does not mean, however, that the Legislature is wholly without power to enact statutes governing the admissibility of evidence, as was suggested by the circuit court in this case.

MRE 101 provides:

These rules govern proceedings in the courts of this state to the extent and with the exceptions stated in Rule 1101. *A statutory rule of evidence not in conflict with these rules* or other rules adopted by the Supreme Court *is effective until*

> *superseded by rule or decision of the Supreme Court.* [Emphasis added.]

Thus, the Legislature may enact statutory rules of evidence that do not conflict with the Michigan Rules of Evidence, and those statutory rules are enforceable until superseded by the Supreme Court.

Defendant contends that MCL 257.625a(7); MSA 9.2325(1)(7) conflicts with the Michigan Rules of Evidence because it allows the introduction of irrelevant, immaterial, and prejudicial evidence, contrary to MRE 401, 402, and 403. This argument might have merit if the statute allowed evidence of a defendant's refusal to submit to a chemical breath analysis for purposes of establishing guilt. See *People v Stratton,* 148 Mich App 70; 384 NW2d 83 (1985); *People v Hayes,* 64 Mich App 203; 235 NW2d 182 (1975). However, the statute does not allow the evidence for that purpose; rather, it specifically limits admissibility of evidence of a refusal to instances where the prosecution seeks to show that a test was offered to a defendant, and, as a further precaution, expressly requires an accompanying jury instruction to prevent any potential prejudice.

Statutes are presumed to be constitutional, and courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *Caterpillar, Inc v Dep't of Treasury,* 440 Mich 400, 413; 488 NW2d 182 (1992); *People v Trinity,* 189 Mich App 19, 21; 471 NW2d 626 (1991). The circuit court in this case clearly erred in finding MCL 257.625a(7); MSA 9.2325(1)(7) unconstitutional as a usurpation of judicial power under Const 1963, art 6, § 5. We therefore reverse the court's opinion and order, and remand for reinstatement of defendant's district court conviction.

Reversed and remanded. We retain no further jurisdiction.