PEOPLE v BINDER (ON REMAND)

Docket No. 179588. Submitted October 24, 1994, at Lansing. Decided
January 12, 1996, at 9:15 A.M. Leave to appeal sought.

Peter J. Binder was convicted by a jury in the Oakland Circuit
Court, David F. Breck, J., of delivery of more than 650 grams of
cocaine. The defendant appealed, and the Court of Appeals,
MARILYN KELLY, P.J., and REILLY and D. C. KOLENDA, JJ.,
affirmed. Unpublished opinion per curiam of the Court of
Appeals, issued November 3, 1993 (Docket No. 137274). The
defendant sought leave to appeal, and the Supreme Court
remanded the matter to the Court of Appeals for consideration
of the questions whether the trial court was obligated to
instruct the jury sua sponte with respect to the offense of
simple possession of the cocaine, whether the legislative prohi-
bition concerning certain lesser drug offenses contained in MCL
768.32(2); MSA 28.1055(2) precluded an instruction relative to
simple possession, and, if so, whether such a legislative prohibi-
tion constitutes an unconstitutional legislative interference
with procedural matters that are left exclusively to the judi-
ciary. 447 Mich 984 (1994).

On remand, the Court of Appeals held:

1. Because possession of a controlled substance is not a
necessarily included lesser offense of delivery of a controlled
substance, it being possible to find that a person was involved
in a sale of a controlled substance without finding that the
person was in possession of the controlled substance, the trial
court was not required to instruct the jury sua sponte with
respect to possession of 650 grams or more of cocaine under
MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i) in addition to
instructing the jury with respect to the charged offense of
delivery of 650 grams or more of cocaine under MCL
333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i).

2. Although the defendant was tried before the effective date
of 1994 PA 38 that amended MCL 333.7403(2)(b); MSA
14.15(7403)(2)(b) so as to eliminate the possibility of conviction

REFERENCES
Am Jur 2d, Constitutional Law § 150; Trials § 1427.
See ALR Index under Instructions to Jury; Separation of Powers.

of possession of cocaine under both that subsection and § 7403(2)(a), the defendant was not entitled to a jury instruction with respect to possession under § 7403(2)(b), because the more specific provision concerning possession of cocaine, § 7403(2)(a), is controlling.

3. The provisions of MCL 768.32(2); MSA 28.1055(2) that prohibit both a jury instruction and a finding of guilt with respect to any drug offense other than a "major controlled substance offense" constitutionally infringe on the Supreme Court's authority under Const 1963, art 6, § 5 to establish the practice and procedure of the courts of the state.

Affirmed.

REILLY, J., concurring in part and dissenting in part, stated that because the defendant was not entitled to an instruction under MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b) regardless of the provisions of MCL 768.32(2); MSA 28.1055(2), there is no need to reach the constitutional issue, despite the directive from the Supreme Court in its order of remand.

1. CONTROLLED SUBSTANCES — DELIVERY OF COCAINE — POSSESSION OF COCAINE — JURY INSTRUCTIONS.

The offense of possession of 650 grams or more of cocaine is not a necessarily included offense of delivery of 650 grams or more of cocaine; accordingly, a trial court is not required to instruct sua sponte with respect to possession of cocaine where delivery of cocaine is charged (MCL 333.7401[2][a][i], 333.7403[2][a][i]; MSA 14.15[7401][2][a][i], 14.15[7403][2][a][i]).

2. CONTROLLED SUBSTANCES — POSSESSION OF COCAINE — JURY INSTRUCTIONS.

A charge of possession of cocaine, even where the charge was brought before the 1994 amendment of the section of the Public Health Code concerning possession of controlled substances, properly was brought under the provision that specifically referred to cocaine rather than under the section that referred generally to schedule 2 controlled substances; accordingly, a defendant charged under such circumstances with delivery of cocaine is not entitled to a jury instruction concerning the offense of possession of cocaine under the schedule 2 possession provision (MCL 333.7403[2][a], 333.7403[2][b]; MSA 14.15[7403][2][a], 14.15[7403][2][b]).

3. CONTROLLED SUBSTANCES — DELIVERY OF COCAINE — POSSESSION OF COCAINE — INCLUDED OFFENSES.

The statute prohibiting jury instructions relating to included offenses of certain major controlled substances offenses is an

unconstitutional legislative infringement of the Supreme Court's authority to establish the practice and procedure of the courts of the state to the extent that it prohibits both a jury instruction and a finding of guilt with respect to any drug offense other than a major controlled substance offense (Const 1963, art 6, § 5; MSA 768.32[2]; MSA 28.1055[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Philip A. Gillis,* for the defendant on appeal.

ON REMAND

Before: MARILYN KELLY, P.J., and REILLY and McDONALD, JJ.

MARILYN KELLY, P.J. This case is before us as on rehearing granted by order of the Supreme Court pursuant to MCR 7.302(F)(1). The Supreme Court instructed us to consider two issues not addressed by the majority in *People v Binder,* unpublished opinion per curiam of the Court of Appeals, issued November 3, 1993 (Docket No. 137274).

Both questions concern a defendant charged with delivery of 650 grams of a controlled substance contrary to MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). The first is whether the trial court is obliged, even over objection, to sua sponte instruct the jury on simple possession. MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i). The second is whether, in such an instance, MCL 768.32(2); MSA 28.1055(2) precludes an instruction on mere possession. MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b). If so, has the Legislature interfered with procedural matters left exclusively to

the judiciary by the Michigan constitution? Const 1963, art 6, § 5.

Upon reconsideration, we resolve the Supreme Court's first question by concluding that the judge is not required to give the instruction on possession of over 650 grams. We next conclude that the portion of the statute which limits the offenses upon which the judge· may instruct the jury is unconstitutional. MCL 768.32(2); MSA 28.1055(2), Const 1963, art 6, § 5.

I

A

Considering whether a jury must be given a simple possession instruction where a defendant has been charged with delivery, we note that an analogous issue was considered in *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975). There, the defendant had been accused of first-degree murder, and the question was whether a sua sponte second-degree murder instruction was required.

The Supreme Court concluded that the jury instruction must be given. Instructions on first- and second-degree murder were necessary because of the significant difference in penalties for the two offenses. Also, first-degree murder necessarily includes the lesser offense of second-degree murder.

Interestingly, here, neither defendant's counsel nor the prosecutor argues in favor of an instruction, sua sponte, even over objection, on the lesser offense of possession of over 650 grams. MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i). Defense counsel points out that there is no practical difference between the sentences. He stresses that the

real effect of requiring an instruction on possession sua sponte, even over objection, is to lubricate a jury's inclination to convict.

The prosecutor argues that possession is not a necessarily lesser included offense of the crime of delivery. All the elements of possession are not contained in a delivery charge. He asserts that the instruction need be given only if the evidence supports it, citing *People v Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975). He asserts that the instruction would permit individuals engaged in the delivery of controlled substances to be convicted of a crime with a far less severe penalty; it would be contrary to one of the Legislature's specific strategies in combatting the drug problem.

The arguments are opposed but the conclusion that requiring the instruction would make it easier for a jury to convict of the lesser offense is identical.

B

If we were to apply the reasoning of the Supreme Court in *Jenkins* on the differences between the two penalties, we would reject the arguments of both parties. We would conclude that, if punishment alone were the determining factor here, the instruction on possession would be required sua sponte, even over objection. MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i). MCL 333.7401(3); MSA 14.15(7401)(3) indicates that parole is not available for individuals convicted under § 7401(2)(a)(i) or § 7403(2)(a)(i). However, our Supreme Court has held that mandatory life imprisonment without possibility of parole is "cruel or unusual punishment" for conviction of possession of 650 grams or more under § 7403(2)(a)(i), *People v Bullock,* 440 Mich 15; 485 NW2d 866 (1992), but not for delivery

of the same amount under § 7401(2)(a)(i), *People v Fluker,* 442 Mich 891 (1993).

However, *Jenkins* also mandates that we consider whether possession is a lesser necessarily included offense of delivery, as they are defined in their respective statutes. MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), MCL 333.7401(2) (a)(i); MSA 14.15(7401)(2)(a)(i).

The conventional wisdom of our Courts has concluded that possession is not a necessarily included lesser offense of delivery. In 1979, the Supreme Court wrote:

> Our case law makes clear that possession of a controlled substance may, though need not, be a lesser included offense of unlawful delivery. . . . In *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), this Court stated:
> "In a given case, sale may be found without possession. Likewise, possession may be determined without sale. . . ." 400 Mich 540, 548. [*People v Kamin,* 405 Mich 482, 497-498; 275 NW2d 777 (1979), overruled in part on other grounds in *People v Beach,* 429 Mich 450, 484; 418 NW2d 861 (1988).]

This distinction has been made consistently. See e.g. *People v Leighty,* 161 Mich App 565, 577-578; 411 NW2d 778 (1987); *People v Patrick,* 178 Mich App 152, 161-162; 443 NW2d 499 (1989).

C

One might argue that it is impossible for a party to manufacture, deliver or intend to manufacture or deliver a controlled substance without at least constructive possession of it. However, in our estimation, such an analysis unnecessarily adds the element of constructive possession to the crime.

Requiring proof of constructive possession inappropriately creates a doorway through which drug traffickers, particularly those high in the distribution chain, can escape.

Earlier judicial decisions finding the crimes of possession and delivery to be cognate offenses must have been made in partial recognition of the problems any other interpretation would create. We adopt the reasoning of our predecessors and reiterate that possession of a controlled substance is not a lesser, necessarily included offense of delivery.

Consequently, we find that the trial judge is not required to give, sua sponte, even over objection, an instruction on possession when a defendant is tried for a delivery offense, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) respectively.

D

Having concluded that a sua sponte jury instruction on possession under § 7403(2)(a) is not required, we now address whether defendant is nevertheless entitled to the instruction he requested on possession under § 7403(2)(b); MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b). Possession of cocaine is a cognate lesser included offense of delivery of cocaine. *People v Marji,* 180 Mich App 525, 530; 447 NW2d 835 (1989). Ordinarily, defendant would be entitled to the requested instruction if the evidence supported it. *People v Veling,* 443 Mich 23, 36; 504 NW2d 456 (1993). However, we conclude that, in this case, he was not entitled to it.

Before the enactment of 1994 PA 38, possession of cocaine, in any amount, was punishable under both § 7403(2)(a) and § 7403(2)(b). A detailed explanation appears in *People v Gridiron,* 185 Mich App 395; 460 NW2d 908 (1990).

The conflict that existed between § 7403(2)(a) and § 7403(2)(b) in cases involving cocaine is readily apparent when a concrete application of them is made. For example, a person convicted of possession of cocaine in excess of 650 grams "shall be imprisoned for life" under § 7403(2)(a)(i). However, under § 7403(2)(b), punishment for the same offense, possession of a controlled substance classified in schedule 2, was limited to "imprisonment for not more than 2 years, or a fine of not more than $2,000, or both." It seems obvious that the inconsistency in the two provisions was the result of a mistake in the drafting of the statute, not legislative intent. The enactment of 1994 PA 38 eliminated the overlap between § 7403(2)(a) and § 7403(2)(b).[1]

Although defendant was tried before the effective date of the 1994 amendment, the more specific provision concerning cocaine, § 7403(2)(a)(i)-(iv), was controlling.[2] Therefore, defendant's offense was not punishable under § 7403(2)(b) and defendant was not entitled to an instruction that would allow the jury to convict him of possession under that subsection.

---

[1] 1994 PA 38 changed 7403(2)(b) so that it now provides:

> A controlled substance classified in schedule 1, 2, 3, or 4, except a controlled substance for which a penalty is prescribed in subdivision (a), (c), or (d), or a controlled substance analogue is guilty of a felony, punishable by imprisonment for not more than 2 years, or a fine of not more than $2,000, or both.

[2] Before the enactment of 1994 PA 38, § 7403(2)(a) contained a specific reference to § 7214(a)(iv), a provision that identifies cocaine as a schedule 2 substance. No such reference is found in § 7403(2)(b).

> Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision. [*Evanston YMCA Camp v State Tax Comm,* 369 Mich 1, 8; 118 NW2d 818 (1962), quoting 50 Am Jur, Statutes, § 367, p 371.]

II

A

Although we find that determining the constitutionality of MCL 768.32(2); MSA 28.1055(2) is unnecessary in light of our conclusion in section I, *supra,* we address it because the Supreme Court directed us to do so.

MCL 768.32(2); MSA 28.1055(2) provides:

> Upon an indictment for an offense specified in section 7401(2)(a)(i) or (ii) or section 7.403(2)(a)(i) or (ii) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, or conspiracy to commit 1 or more of these offenses, the jury, or judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment but may find the accused guilty of a degree of that offense inferior to that charged in the indictment only if the lesser included offense is a major controlled substance offense. A jury shall not be instructed as to other lesser included offenses involving the same controlled substance nor as to an attempt to commit either a major controlled substance offense or a lesser included offense involving the same controlled substance. The jury shall be instructed to return a verdict of not guilty of an offense involving the controlled substance at issue if it finds that the evidence does not establish the defendant's guilt as to the commission of a major controlled substance offense involving that controlled substance. A judge in a trial without a jury shall find the defendant not guilty of an offense involving the controlled substance at issue if the judge finds that the evidence does not establish the defendant's guilt as to the commission of a major controlled substance offense involving that controlled substance.

This Court earlier concluded that the statute

permitted the jury to be instructed only on lesser included offenses that are major controlled substances offenses. They are defined in MCL 761.2; MSA 28.843(12) to include a violation of § 7401(2) (a), a violation of § 7403(2)(a)(i)-(iv), or a conspiracy to violate either. *People v Gridiron (On Rehearing),* 190 Mich App 366, 368; 475 NW2d 879 (1991), modified 439 Mich 880 (1991). However, appellant did not make, and this Court did not then consider, a constitutional challenge to the statute.

Defendant now contends that this statute is an improper transgression by the Legislature into the exclusive province of the judiciary, because Const 1963, art 6, § 5 provides:

> The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state. The distinctions between law and equity proceedings shall, as far as practicable, be abolished. The office of master of chancery is prohibited.

B

Our Court has previously observed that the separation of powers doctrine has been interpreted in Michigan to mean that some overlapping of functions between the branches of government is tolerated. Relying on prior case law, we found overlapping permissible provided the area of one branch's exercise of another branch's power is very limited and specific. Const 1963, art 3, § 2, *People v Trinity,* 189 Mich App 19, 22-23; 471 NW2d 626 (1991). Applying this reasoning, we found that the Holmes Youthful Trainee Act did not violate the constitutional separation of powers doctrine. *Id.*; MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* The Act is narrow and is applied in a

remedial fashion to a specific group of individuals required to meet specific criteria. Thus, if our analysis were to end here, we might also conclude that the disputed statute was barely narrow enough to pass constitutional muster.

However, it is also settled that our Supreme Court is the final arbiter of all matters of practice and procedure in the Courts of this state. *Mumaw v Mumaw,* 124 Mich App 114, 120; 333 NW2d 599 (1983). In instances where a statute and a specific court rule conflict, the court rule prevails. *In re Lafayette Towers,* 200 Mich App 269, 275; 503 NW2d 740 (1993). Where no Michigan rule of evidence on a particular evidentiary matter exists, the Legislature may enact statutory rules of evidence which do not conflict with the Michigan Rules of Evidence. These are enforceable until or unless superseded by the Supreme Court. *People v McDonald,* 201 Mich App 270, 273; 505 NW2d 903 (1993). However, once the Supreme Court takes action on a matter relating to practice or procedure, the Legislature is without authority to set other requirements.

C

Here, both parties appear to agree that a jury's ability to convict an accused of a particular crime depends on the jury instructions which may or must be given.

The Michigan Court Rules governing jury instructions in criminal proceedings are succinct. MCR 6.414(F) provides: "After closing arguments are made or waived, the court must instruct the jury as required and appropriate . . . . After jury deliberations begin, the court may give additional instructions that are appropriate."

The question then becomes, how is the trial

court to select the instructions which are required and appropriate? The prosecutor contends that the Legislature may legitimately limit the selection of instructions, provided its excursion into this province of the Court is sufficiently narrow. *Trinity, supra.*

Defendant contends that the Supreme Court has already conclusively spoken on the subject in a manner which renders the disputed legislation meaningless. He argues that the determination of which instructions are required and appropriate in each case was settled by our Supreme Court in a group of cases in 1975. It was revisited with approval in 1992. *Jones, supra; People v Carter,* 395 Mich 434; 236 NW2d 500 (1975); *People v Paul,* 395 Mich 444; 236 NW2d 486 (1975); *People v Mosko,* 441 Mich 496; 495 NW2d 534 (1992).

### D

We agree that the cases cited by defendant form the basis for determining which instructions on lesser offenses are required in each criminal case. A necessarily included offense is one which must be committed as part of the greater offense; it would be impossible to commit the greater offense without first having committed the lesser. *Mosko,* pp 499-500. Furthermore, if the defendant requests an instruction regarding a cognate lesser offense and the evidence supports it, the trial court must give the instruction. *Veling, supra.*

Based on the cited case law, we find that the Supreme Court has established the rules governing the selection of appropriate jury instructions relating to lesser included crimes in criminal proceedings in our state. *Jenkins, supra; Jones, supra.* Consequently, we hold that the Legislature cannot control jury instructions on drug charges as es-

sayed through MCL 768.32(2); MSA 28.1055(2).
Moreover, given the plethora of drug-related criminal proceedings, we are unable to conclude that the statute deals with circumstances sufficiently narrow to permit overlap between the Judicial and Legislative branches. *Trinity,* pp 22-23.

We find unconstitutional the portion of MCL 768.32(2); MSA 28.1055(2) prohibiting both a jury instruction and a finding of guilt involving any drug offense other than a "major controlled substance offense" when the charge is delivery. Const 1963, art 6, § 5.

Because of our conclusion in section I, *supra,* we affirm defendant's conviction and sentence.

McDONALD, J., concurred.

REILLY, J. *(concurring in part and dissenting in part).* I join in part I of the majority opinion. However, because I am convinced that defendant was not entitled to an instruction under MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b) regardless of the provisions of MCL 768.32(2); MSA 28.1055(2), I would not reach the constitutional issue. *Booth Newspapers v Univ of Michigan Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993) ("[T]here exists a general presumption by this Court that we will not reach constitutional issues that are not necessary to resolve a case.") In my opinion, in spite of the directive from the Supreme Court, the discussion in the majority opinion regarding the constitutionality of MCL 768.32(2); MSA 28.1055(2) is merely dicta that will lead to inconsistent results and confusion in the trial courts.