# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 14, 2015

Plaintiff-Appellee,

v

No. 320349
Cass Circuit Court
LC No. 13-010150-FH

KALI MARIE HEFT,

Defendant-Appellant.

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by leave granted her sentences for her plea-based convictions of delivery of a controlled substance less than 50 grams, MCL 333.7401(2)(a)(iv), and possession of a controlled substance less than 25 grams, MCL 333.7403(2)(a)(v). We affirm.

On June 5, 2012, defendant and her boyfriend delivered heroin to the victim, allegedly in exchange for use of the victim's tattoo machine. Subsequently, the victim overdosed on the heroin and died. Defendant admitted to the drug transaction and pleaded guilty to above crimes.

Defendant first argues that the trial court improperly scored offense variables 3 and 19. Defendant has waived her claims of scoring error because she entered into a sentencing agreement. She agreed to a minimum sentence that fell within the guidelines range of 29 to 51 months or higher and that was to be equivalent to a delivery of heroin sentence entered in the Berrien Circuit Court. See *People v Blount*, 197 Mich App 174, 175; 494 NW2d 829 (1992) (when a defendant receives exactly the sentence to which he previously had agreed to, he may not challenge that sentence unless he makes an effort to withdraw the plea agreement); see also *People v Ward*, 206 Mich App 38, 43; 520 NW2d 363 (1994) (applying the *Blount* waiver rule). Moreover, even if the sentence exceeded properly scored guidelines, "a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept [a] specific sentence." *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005). Because the issue is waived, we do not consider it.

Defendant also argues that her convictions violate the double jeopardy clauses of both the United States and Michigan Constitutions. Specifically, defendant argues that she received multiple punishments for the same offense (i.e. possession and delivery of heroin). Unpreserved double jeopardy claims are reviewed for plain error affecting a defendant's substantial rights. *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008).

-1-

Both the United States and Michigan constitutions prohibit a person from twice being placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). To determine whether convicting defendant of both possession of heroin and delivery of heroin violates the double jeopardy clause, this Court applies the "same elements" test. *Id.* at 575-576; *People v Smith*, 478 Mich 292, 295-2; 733 NW2d 351 (2007) (applying the *Blockburger* [1] "same elements" test to the multiple-punishment prong of the Double Jeopardy Clause). "Under the *Blockburger* 'same elements' test, two offenses are not the 'same offense' if each requires proof of an element that the other does not." *People v Chambers*, 277 Mich App 1, 5; 742 NW2d 610 (2007).

The elements of delivering less than 50 grams of heroin are: (1) defendant's delivery (2) of less than 50 grams (3) of heroin or a mixture containing heroin (4) with knowledge that she was delivering heroin. *People v Collins*, 298 Mich App 458, 462; 828 NW2d 392 (2012). The elements of possession of less than 25 grams of heroin are: (1) the defendant knowingly possessed a controlled substance; (2) the substance was heroin, and (3) the substance was in a mixture that weighed less than twenty-five grams. MCL 333.7403(2)(a)(v).

Applying the same-elements test to the present case, we find that defendant's convictions do not violate the Double Jeopardy Clause because they do not require proof of the same elements. The delivery charge requires the element of delivery that the possession charge does not. *Chambers*, 277 Mich App at 5. Similarly, the possession charge requires an element that the delivery charge does not, which is possession. MCL 333.7403(2)(a)(v); see also *People v Binder*, 215 Mich App 30, 35-36; 544 NW2d 714 (1996), vacated in part on other grounds 453 Mich 913 (1996). Accordingly, defendant's convictions do not violate the double jeopardy clauses of the United States Constitution and Michigan Constitution.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey

---

[1] See *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).