*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW DARRYL GREEN,

Defendant-Appellant.

UNPUBLISHED
March 30, 2023

No. 359758
Berrien Circuit Court
LC No. 2021-000301-FC

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] the trial court's order granting the prosecution's motion to preclude his use of a "Good Samaritan" defense at trial. Because we agree with defendant that the trial court prematurely decided this issue, we reverse.

## I. BACKGROUND

This case stems from an incident in which Anthony Coleman died as a result of a drug overdose. Defendant and Coleman were friends. Testimony given at the preliminary examination showed that on the evening before the overdose, defendant, Coleman, Sidney Woodman, and Theresa Henderson drove to a nearby town to obtain drugs. Defendant and Woodman intended to purchase heroin, while Coleman intended to purchase methamphetamine. Defendant and Coleman pooled their money together and gave it to Woodman, who made the heroin purchase from the supplier, and then handed it to defendant. According to Woodman, defendant already had methamphetamine, which he gave to Coleman. Afterward they returned to Coleman's house, where Coleman shared the methamphetamine with Woodman and Henderson. Later on, defendant and Woodman returned to Coleman's house where all three used the heroin, which turned out to be fentanyl or contain fentanyl. Coleman became unresponsive, and defendant attempted in various ways to revive him before calling 911.

---

[1] *People v Green*, 979 NW2d 326 (Mich, 2022).

Defendant is charged with delivery of fentanyl causing death of another person, MCL 750.317a, possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(i), delivery of less than 50 grams of fentanyl, MCL 333.7401(2)(a)(iv), and delivery of methamphetamine causing death of another person, MCL 750.317a. The prosecution moved the trial court to bar defendant from presenting an anticipated Good Samaritan defense under MCL 333.7403(3) or MCL 333.7404(3) at trial because that defense is not available for a charge of delivery. The prosecution also argued that defendant's call to 911 was not made in good faith because he was not forthcoming with information necessary to properly help Coleman, and, according to Woodman, defendant waited about 30 minutes to call. In response, defendant argued that he intended to request at trial an instruction regarding the offense of possession—under which the Good Samaritan defense would apply—because defendant and the others merely purchased the drugs together with the intent to use the drugs together. Defendant further argued that it was premature to decide whether an affirmative defense such as the Good Samaritan defense applies because that determination must be based on the evidence adduced at trial.

The trial court granted the prosecution's motion, concluding that a reasonable jury could not find that defendant merely possessed the drugs or that he acted in good faith when he called 911. This interlocutory appeal followed.

## II. DISCUSSION

Defendant argues that the trial court prematurely decided whether he is entitled to a jury instruction on the Good Samaritan defense.[2]

A defendant has a constitutionally guaranteed right to present a defense. *People v Yost*, 278 Mich App 341, 370; 749 NW2d 753 (2008). See also *Holmes v South Carolina,* 547 US 319, 324; 126 S Ct 1727; 164 L Ed 2d 503 (2006) ("[T]he constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.") (quotation marks and citation omitted).

The Good Samaritan defense is contained within the statutes that criminalize possession and use of controlled substances, MCL 333.7403 (possession) and MCL 333.7404 (use). Each of these statutes state in pertinent part as follows:

(3) The following individuals are not in violation of this section:

* * *

(b) An individual who in good faith attempts to procure medical assistance for another individual or who accompanies another individual who requires medical assistance for a drug overdose or other perceived medical emergency arising from the use of a controlled substance or a controlled substance analogue that he or she possesses or possessed in an amount sufficient only for personal use and the evidence of his or her violation of this section is obtained as a result of the

---

[2] We review de novo "the availability of affirmative defenses for a statutory crime." *People v Korkigian*, 334 Mich App 481, 489; 965 NW2d 222 (2020).

individual's attempting to procure medical assistance for another individual or as a result of the individual's accompanying another individual who requires medical assistance to a health facility or agency. [MCL 333.7403(3)(b); MCL 333.7404(3)(b).]

As a statutory affirmative defense, the Good Samaritan exception requires a prima facie showing of evidence to support each of the elements of the defense. *People v Morrison*, 328 Mich App 647, 653; 939 NW2d 728 (2019). "Whether a defendant establishes an affirmative defense is typically a question for the jury." *Id.*

We agree with defendant that this issue was not ripe for determination. The prosecution's motion was based primarily on testimony from the preliminary examination. The purpose of a preliminary examination, however, is to determine whether a felony was committed and whether probable cause exists to find that defendant committed it. *People v Plunkett*, 485 Mich 50, 57; 780 NW2d 280 (2010). See also MCL 766.13; MCR 6.110(E) and (F). Evidence of an affirmative defense need not be presented at a preliminary examination; rather, this Court has held that "affirmative defenses in criminal cases should typically be presented and considered at trial and that a preliminary examination is not a trial." *People v Waltonen*, 272 Mich App 678, 690 n 5; 728 NW2d 881 (2006). See also *People v Redden*, 290 Mich App 65, 84; 799 NW2d 184 (2010).

We acknowledge that "if the defendant fails to establish an element of the defense, the trial court cannot present the defense to the jury for consideration and it becomes a question of law for the court." *Morrison*, 328 Mich App at 653. However, the prosecution identifies no caselaw requiring the defendant to present evidence in support of an affirmative defense before trial. Indeed, in the cases relied on by the prosecution, it was the *defendant* moving to dismiss the charges based on an affirmative defense. See e.g., *Morrison*, 328 Mich App at 655. In such cases, the defendant is effectively conceding that he or she has completed their defense and is moving for dismissal of the charges as a matter of law. These cases therefore cannot be read as requiring the defendant to present the necessary proofs before trial. We also do not agree with the prosecution that the proofs at the preliminary examination establish that no reasonable jury could conclude that defendant is entitled to the Good Samaritan defense. In making this argument the prosecution relies in part on Woodman's testimony that Coleman was unresponsive for approximately 30 minutes before 911 was called. However, it is the jury's role to determine witness credibility, *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000), and what constitutes "good faith."

In sum, defendant has not been afforded a meaningful opportunity to present evidence in support of his affirmative defense, which typically occurs at trial. Accordingly, we conclude that it was premature for the trial court to decide whether defendant is entitled to an instruction on the Good Samaritan defense.

We recognize that the Good Samaritan defense does not apply to delivery charges. However, the defense does apply to possession of a controlled substance, MCL 333.7403(3)(b), and defendant intends to seek a jury instruction on that offense at trial. A trial court must instruct on possession of a controlled substance in a delivery case if such an instruction is requested by the defendant and supported by the evidence. *People v Binder*, 215 Mich App 30, 36; 544 NW2d 714 (1996), vacated in part on other grounds 453 Mich 915; 554 NW2d 906 (1996). "Michigan

jurisprudence has established that the evidence adduced at trial determines the trial judge's duty to instruct regarding lesser included offenses." *People v Veling*, 443 Mich 23, 35-36; 504 NW2d 456 (1993).

Relying on *United States v Swiderski*, 548 F2d 445 (CA 2, 1977), defendant argues that he is not guilty of delivery because this case merely involves transfer of a controlled substance between joint possessors to facilitate personal use. In interpreting whether possession with intent to distribute a controlled substance occurred under federal law, 21 USC 841(a), the Second Circuit in *Swiderski* held that

> where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse—simple joint possession, without any intent to distribute the drug further. Since both acquire possession from the outset and neither intends to distribute the drug to a third person, neither serves as a link in the chain of distribution. [*Id*. at 450.]

In *People v Schultz*, 246 Mich App 695, 706; 635 NW2d 491 (2001), this Court found *Swiderski* persuasive, but nonetheless affirmed the defendant's delivery conviction because the facts were distinguishable. For example, the jury in that case could rationally infer from the evidence "that the decedent played no role in obtaining the heroin." *Id*. at 707.

In this case, defendant maintains that the evidence presented at trial will show that he, Coleman, Woodman, and Henderson purchased drugs together and then shared those drugs for their personal use. Further, defendant disputes that he delivered methamphetamine or fentanyl to Coleman. While the prosecution argues that the evidence shows otherwise, the competing theories as to whether "delivery" occurred presents factual questions. See *id*. And like the Good Samaritan defense, whether defendant is entitled to an instruction on possession is for the trial court to determine based on whether evidence is introduced at trial that would support such an instruction. We express no view as to whether the sought instructions should ultimately be given, only that the determination was premature. See *Veling*, 443 Mich at 35-36.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney