PEOPLE v DASH

Docket No. 177524. Submitted January 3, 1996, at Detroit. Decided April 26, 1996, at 9:15 A.M.

Glennie W. Dash, Jr., was convicted of larceny from a person after a bench trial in the Detroit Recorder's Court, Bruce U. Morrow, J. On its own motion, the court offered to assign the defendant to youthful trainee status under the Youthful Trainee Act, MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* The defendant accepted the offer and was sentenced to three years' probation. The prosecution appealed, claiming that the trial court lacked jurisdiction to grant youthful trainee status.

The Court of Appeals *held:*

MCL 762.11; MSA 28.853(11) expressly provides that an individual must plead guilty in order to be eligible for youthful trainee status. Because the defendant did not plead guilty but was convicted after a trial, he was not eligible for youthful trainee status and the trial court erred in assigning the defendant to that status.

Reversed and remanded.

CRIMINAL LAW — YOUTHFUL TRAINEE STATUS.

A defendant who otherwise qualifies for assignment to youthful trainee status under the Youthful Trainee Act must plead guilty, and not be found guilty after trial, of an offense specified in the act (MCL 762.11; MSA 28.853[11]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Rita H. Lewis*, Assistant Prosecuting Attorney, for the people.

*Denis D. Walterreit*, for the defendant on appeal.

Before: DOCTOROFF, C.J., and MCDONALD and J. B. SULLIVAN* , JJ.

MCDONALD, J. The prosecution appeals by leave granted an April 25, 1994, order granting defendant youthful trainee status under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* We reverse.

Defendant was charged with one count of unarmed robbery, MCL 750.530; MSA 28.798. Following a waiver trial, defendant was convicted of the lesser offense of larceny from a person, MCL 750.357; MSA 28.589. Defendant was twenty years old at the time the offense was committed. At sentencing, the court sua sponte offered defendant the option of being assigned to youthful trainee status. Defendant accepted the option and was placed on probation for three years. The prosecution appeals, claiming the trial court lacked jurisdiction to grant defendant youthful trainee status. The prosecution argues the decision was contrary to the express language of the YTA. We agree.

The primary goal of judicial interpretation of statutes is to give effect to the intent to the Legislature. *People v Hawkins*, 181 Mich App 393; 448 NW2d 858 (1989). The language of the statute is the best source for determining legislative intent. *People v Bewersdorf*, 438 Mich 55; 475 NW2d 231 (1991).

MCL 762.11; MSA 28.853(11) provides:

> *If an individual pleads guilty* to a criminal offense, other than a felony for which the maximum punishment is life

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

imprisonment, a major controlled substance offense, or a traffic offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. [Emphasis added.]

A person who successfully completes youthful trainee status will not be considered to have been convicted of a crime, and the record is closed to public inspection. MCL 762.14; MSA 28.853(14); *People v Trinity*, 189 Mich App 19; 471 NW2d 626 (1991).

In this case, defendant did not plead guilty of the offense of larceny from a person; rather, he was tried and convicted of that offense. As noted, MCL 762.11; MSA 28.853(11) explicitly provides that an individual must plead guilty of a specified offense in order for that individual to be eligible for youthful trainee status. All provisions of the Penal Code are construed according to the fair import of their terms. *People v Thomas*, 438 Mich 448; 475 NW2d 288 (1991); *People v McBride*, 204 Mich App 678, 682; 516 NW2d 148 (1994). Where the language of a statute is clear, the Legislature must have intended the meaning it has plainly expressed, and judicial construction or interpretation is precluded. *Bommarito v Detroit Golf Club*, 210 Mich App 287; 532 NW2d 923 (1995). Pursuant to the express language of the statute, it is clear the trial court erred in assigning defendant to youthful trainee status.

Reversed and remanded for further proceedings. We do not retain jurisdiction.