PEOPLE v HARNS

Docket No. 199055. Submitted December 2, 1997, at Detroit. Decided January 30, 1998, at 9:00 A.M. Leave to appeal sought.

Daniel J. Harns pleaded nolo contendere in the Washtenaw Circuit Court to one count of indecent exposure and one count of fourth-degree criminal sexual conduct. The court, John B. Collins, J., granted the defendant's petition for youthful trainee status and sentenced him to three years' probation under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* The prosecutor appealed by leave granted, arguing that the court erred in finding that the defendant was eligible for youthful trainee status.

The Court of Appeals *held*:

1. The prosecutor's argument that the defendant was not eligible for consideration under the YTA because he was convicted of more than one offense must be rejected. The language "a criminal offense" or "the criminal offense" in § 11 of the YTA, MCL 762.11; MSA 28.853(11), is properly construed to mean "criminal offenses" pursuant to MCL 8.3b; MSA 2.212(2), which specifies that in interpreting a statute every word indicating the singular may extend to the plural.

2. The defendant is not eligible for YTA status because he pleaded nolo contendere, rather than guilty. Section 11 of the YTA specifically requires a defendant to enter a guilty plea in order to be eligible for youthful trainee status.

Reversed and remanded for resentencing.

1. CRIMINAL LAW — YOUTHFUL TRAINEE ACT — WORDS AND PHRASES — CRIMINAL OFFENSE.

The language "a criminal offense" or "the criminal offense" in § 11 of the Youthful Trainee Act, MCL 762.11; MSA 28.853(11), may be construed to mean "criminal offenses" pursuant to the statute concerning the construction of statutes that provides that every word indicating the singular may extend to the plural (MCL 8.3b; MSA 2.212[2]).

2. CRIMINAL LAW — YOUTHFUL TRAINEE ACT — GUILTY PLEAS — NOLO CONTENDERE PLEAS.

The Youthful Trainee Act requires an individual seeking to be assigned to the status of youthful trainee to have entered a guilty plea; an individual who pleads nolo contendere is ineligible for youthful trainee status (MCL 762.11; MSA 28.853[11]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *Lenore M. Ferber*, Assistant Prosecuting Attorney, for the people.

*Douglas R. Mullkoff*, for the defendant.

Before: M. J. KELLY, P.J., and CAVANAGH and N. J. LAMBROS*, JJ.

CAVANAGH, J. Defendant pleaded nolo contendere to one count of indecent exposure, MCL 750.335a; MSA 28.567(1), and one count of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b); MSA 28.788(5)(1)(b). Over the prosecutor's objection, the trial court granted defendant's petition for youthful trainee status and sentenced defendant to three years' probation under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* The prosecutor appeals by leave granted. We reverse and remand for resentencing.

In 1995, defendant was charged with one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and one count of indecent exposure. The charges arose out of allegations that defendant, who was then seventeen years old, had exposed himself to several girls under the age of six at his parents' home, where his mother ran a small baby-sitting service. It was also alleged that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant touched the vagina of a 4½-year-old girl after first removing her clothing.

On August 1, 1995, defendant pleaded nolo contendere to a reduced charge of fourth-degree criminal sexual conduct and the count of indecent exposure. Pursuant to the parties' stipulation, the trial court used the related police report as the factual basis for defendant's plea.

On September 8, 1995, the trial court delayed sentencing for ten months so that it could take defendant's request for sentencing under the YTA under advisement while defendant was placed on an electronic monitoring tether program. The prosecutor argued that the trial court did not have authority to place defendant on youthful trainee status. On September 4, 1996, the trial court[1] held that it did have discretion to grant YTA status. The court then placed defendant on youthful trainee status for a period of three years, with conditions for continued counseling and against unsupervised contact with minor children. In addition, the trial court imposed approximately $2,000 in fines and costs.

On appeal, the prosecutor argues that the trial court erred in finding that defendant was eligible for YTA status. The court's authority to sentence a defendant under the YTA is jurisdictional. *People v Martinez*, 211 Mich App 147, 149; 535 NW2d 236 (1995).

A person who successfully completes youthful trainee status will not be considered to have been convicted of a crime, and the record is closed to public inspection. *People v Dash*, 216 Mich App 412, 414;

---

[1] In June 1996, defendant's case was reassigned to a different judge because of a county court reorganization.

549 NW2d 76 (1996). The YTA is a remedial statute and is to be construed liberally for the advancement of the remedy. *People v Bobek*, 217 Mich App 524, 529; 553 NW2d 18 (1996).

The prosecutor first argues that defendant was not eligible for consideration under the YTA because he was convicted of more than one offense. The YTA provides:

> If an individual pleads guilty to a charge of a criminal offense, other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense, or a traffic offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. As used in this section, "traffic offense" means a violation of the Michigan vehicle code, Act. No. 300 of the Public Acts of 1949, being sections 257.1 to 257.923 of the Michigan Compiled Laws, or a violation of a local ordinance substantially corresponding to that act, that involves the operation of a vehicle and, at the time of the violation, is a felony or a misdemeanor. [MCL 762.11; MSA 28.853(11).]

The prosecutor asserts that the language of the statute refers to the commission of only one crime. Therefore, according to the prosecutor, because defendant was convicted of both indecent exposure and fourth-degree criminal sexual conduct, defendant was not eligible for YTA status.

On appeal, we review de novo questions of law regarding statutory interpretation. *Bobek, supra* at 528. Our goal in interpreting statutes is to ascertain the intent of the Legislature. The first criterion in determining the Legislature's intent is the specific lan-

guage of the statute. If the plain and ordinary meaning of the language is clear, judicial construction is normally neither permitted nor necessary. *People v Sheets*, 223 Mich App 651, 656; 567 NW2d 478 (1997).

The Legislature has provided us with the necessary rule of statutory construction to decide this issue. MCL 8.3b; MSA 2.212(2) provides in pertinent part: "Every word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number." See *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 428; 565 NW2d 844 (1997); *Crowley, Milner & Co v Macomb Circuit Judge*, 239 Mich 605, 615; 215 NW 29 (1927). Thus, the phrases "a criminal offense," or "the criminal offense," can be construed to mean "criminal offenses."

Furthermore, if the Legislature had meant to exclude individuals with more than one conviction from participation in the YTA, it could easily have done so. Where the Legislature has intended to limit similar measures to individuals who are charged or plead guilty of only one offense, it has expressly said so. The general expunction statute applies to "a person who is convicted of not more than 1 offense . . . ." MCL 780.621(1); MSA 28.1274(101)(1). Likewise, the expunction statute in the Public Health Code states: "There may be only 1 discharge and dismissal under this section as to an individual." MCL 333.7411(1); MSA 14.15(7411)(1). The omission of similar language from the YTA indicates that the Legis-

lature did not intend to exclude youthful offenders with more than one conviction from participation.[2]

Next, the prosecutor argues that defendant is not eligible for YTA status because he pleaded nolo contendere, rather than guilty. This issue is again one of statutory interpretation that we review de novo. *Bobek, supra* at 528.

The statute permits the court to assign "an individual [who] pleads guilty to a charge of a criminal offense" to YTA status. MCL 762.11; MSA 28.853(11). In *Dash, supra,* this Court held that the statutory language precludes participation by defendants who were convicted following a trial. The *Dash* panel explained that because the statute "explicitly provides that an individual must plead guilty of a specified offense in order for that individual to be eligible for youthful trainee status," a defendant who is tried and convicted of a specified offense is not eligible. *Dash, supra* at 414.

In the present case, defendant did not go to trial, but instead entered a plea of nolo contendere. Defendant argues that a nolo contendere plea is treated like a guilty plea under Michigan law. Defendant relies on MCL 767.37; MSA 28.977, which states

---

[2] We note in passing that there are a number of reported cases in which a defendant who was charged with more than one offense was assigned to, or found to be eligible for, YTA status. See, e.g., *People v Mahler,* 156 Mich App 799; 402 NW2d 93 (1986); *People v Cochran,* 155 Mich App 191; 399 NW2d 44 (1986); *People v Bracey,* 124 Mich App 401; 335 NW2d 49 (1983); *People v Wilson,* 97 Mich App 579; 296 NW2d 110 (1980); *People v Bandy,* 35 Mich App 53; 192 NW2d 115 (1971). We recognize that this precise issue was not addressed in these cases. Nevertheless, the fact that the Legislature remained silent after the release of these cases suggests that it did not object to an interpretation of the YTA that permitted youthful trainee status to be granted to individuals that were convicted of more than one offense. See *Craig v Larson,* 432 Mich 346, 353; 439 NW2d 899 (1989).

that once the court accepts a no contest plea, "the court shall proceed as if [the defendant] had pleaded guilty." However, the statute

> does not provide that a plea of nolo contendere be taken as if it were a guilty plea. All distinction between the two kinds of pleas would be lost by such an interpretation. It does mean that once a court accepts a plea of nolo contendere the court proceeds to sentencing in the same manner as after a plea of guilty. [*People v Chilton*, 394 Mich 34, 39-40; 228 NW2d 210 (1975).]

Thus, a nolo contendere plea and a guilty plea are not identical in all respects.

The legislative analysis of a bill introduced to amend the YTA indicates that the guilty plea requirement was adopted to "restrict the program to youths who demonstrated a measure of responsibility by pleading guilty." House Legislative Analysis, HB 4587, August 9, 1993. A nolo contendere plea is not the equivalent of an admission of guilt. See *Lichon v American Universal Ins Co*, 435 Mich 408, 415; 459 NW2d 288 (1990). In limiting eligibility for youthful trainee status to defendants who plead guilty, the Legislature apparently reasoned that a key factor in rehabilitation is the defendant's willingness to accept responsibility for his conduct, and a defendant who pleads no contest does not admit his guilt and therefore does not demonstrate the same level of responsibility as one who pleads guilty.

As the *Dash* Court noted, the YTA specifically requires a guilty plea. See *Dash, supra*. The Legislature is presumed to have intended the meaning it plainly expressed. *People v Poole*, 218 Mich App 702, 709; 555 NW2d 485 (1996). Accordingly, we conclude that a defendant who does not plead guilty is ineligi-

ble for youthful trainee status. Because in the instant case defendant pleaded nolo contendere rather than guilty, the trial court did not have the authority to assign him to youthful trainee status. We therefore reverse and remand for resentencing.[3]

In view of our resolution of the previous issue, we need not address the prosecutor's claim that, even if the trial court had jurisdiction, it abused its discretion in assigning defendant to YTA status.

Reversed and remanded for resentencing. We do not retain jurisdiction.

---

[3] Because the prosecutor, defense counsel, and defendant all agreed at the plea hearing that there was no sentence agreement, defendant need not be afforded an opportunity to withdraw his plea.