PEOPLE v WARE
PEOPLE v THOMAS

Docket Nos. 202373, 207741. Submitted October 7, 1999, at Grand Rapids. Decided January 14, 2000, at 9:10 A.M.

Steven Ware and Matthew M. Thomas each pleaded guilty in the Charlevoix Circuit Court, Richard M. Pajtas, J., of possession of less than twenty-five grams of cocaine and conspiracy to deliver marijuana. With respect to the convictions of possession of cocaine, the defendants moved for deferred sentencing under MCL 333.7411(1); MSA 14.15(7411)(1). The court initially granted the motions but eventually denied them, ruling that the defendants were not eligible for deferred sentencing. The court sentenced each defendant to concurrent terms of probation for the convictions of possession of cocaine and conspiracy to deliver marijuana. The defendants appealed by leave granted, and the appeals were consolidated.

The Court of Appeals *held*:

Subsection 7411(1) provides that when a person who has not been previously convicted of a controlled substance offense pleads guilty or is found guilty of certain controlled substance offenses enumerated in subsection 7411(1), including possession of less than twenty-five grams of cocaine, the court, without entering a judgment of guilt, may defer further proceedings and place the person on probation. Subsection 7411(1) further provides that if the person violates a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided, and that if the person fulfills the terms and conditions of probation, the court shall discharge the person and dismiss the proceedings.

In this case, the defendants are eligible for deferred sentencing under subsection 7411(1) because both defendants did not have a prior conviction at the time each defendant simultaneously pleaded guilty of possession of cocaine and conspiracy to deliver marijuana.

Sentences vacated; case remanded for resentencing.

CONTROLLED SUBSTANCES — DEFERRED SENTENCING — SIMULTANEOUS CONVICTIONS.

A defendant who in the same proceeding pleads guilty or is found guilty of a controlled substance offense for which deferred sentenc-

ing is available for those without a previous controlled substance conviction and pleads guilty or is found guilty of another controlled substance offense is eligible for deferred sentencing for the former conviction; such simultaneous convictions do not give rise to a previous conviction that makes the defendant ineligible for deferred sentencing (MCL 333.7411[1]; MSA 14.15[7411][1]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Mary Beth Kur*, Prosecuting Attorney, and *Michael E. Moody*, Assistant Attorney General, for the people.

*Hayes, Schwarze & Hayes* (by *Roy C. Hayes, III*), for Steven Ware.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Michael J. Hodge* and *Louis B. Reinwasser*), for Matthew M. Thomas.

Before: HOOD, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

FITZGERALD, J. In these consolidated appeals, defendants Steven Ware and Matthew M. Thomas each appeal by delayed leave granted their convictions following guilty pleas for possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), and conspiracy to deliver marijuana, MCL 750.157a, 333.7401(2)(d)(iii); MSA 28.354(1), 14.15(7401)(2)(d)(iii). We vacate defendants' sentences and remand for resentencing.

On October 18, 1996, and October 25, 1996, defendant Ware and defendant Thomas, respectively, pleaded guilty to the present offenses. In exchange for defendants' guilty pleas, the prosecutor agreed to dismiss two additional counts. During the plea proceedings, defendants admitted that on August 30, 1996, they and a friend, Daniel Leone, agreed to and

did deliver marijuana to someone in Charlevoix. Additionally, with regard to the possession of cocaine charge, defendants admitted that they had less than twenty-five grams of cocaine in their possession on August 30, 1996, and that they "had been using it that day." Because defendants had filed a petition for deferred sentencing under MCL 333.7411(1); MSA 14.15(7411)(1)[1] with regard to the possession of cocaine conviction, the trial court took the guilty pleas under advisement.

Before sentencing on November 22, 1996, the trial court considered defendants' motions for deferred sentencing under § 7411 with regard to their possession of cocaine convictions. After noting that both defendants were seventeen years old at the time of the offense and that neither had any prior criminal convictions, the trial court granted both defendants "7411 status" with regard to the possession of cocaine convictions. With regard to the conspiracy to deliver marijuana convictions, each defendant was sentenced to two years' probation with the first six months to be served in the county jail, "serving 90 days forthwith with the balance to be held in abeyance."

After pronouncing sentence from the bench, but before entering the judgments of sentence, the trial court determined that defendants' simultaneous convictions rendered them ineligible for deferred sentencing under § 7411. The trial court entered a judgment of sentence in each case that, in addition to the two-year probationary sentence imposed for the conspiracy to deliver marijuana conviction, imposed a

---

[1] Deferred sentencing under § 7411 is commonly referred to as "7411 status."

concurrent two-year probationary term for the possession of cocaine conviction.

Defendants moved for resentencing, arguing that the initial sentence pronounced from the bench was valid and, therefore, the trial court did not have discretion to set aside the sentence. The trial court granted defendants' motion for resentencing, but imposed the same sentences as imposed in the original judgments of sentence.

On appeal, defendants argue that § 7411 is applicable to simultaneous convictions. This Court reviews de novo questions of law regarding statutory interpretation. *People v Harns*, 227 Mich App 573, 576; 576 NW2d 700 (1998), vacated on other grounds 459 Mich 895 (1998).

Section 7411(1) provides in pertinent part:

> When an individual *who has not previously been convicted of* an offense under this article or under any statute of the United States or of any state relating to narcotic drugs, coca leaves, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty of or is found guilty of possession of a controlled substance under 7401(2)(a)(v), 7403(2)(b), (c), or (d), or of use of a controlled substance under section 7404, or possession or use of an imitation controlled substance under section 7341 for a second time, the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the individual on probation upon terms and conditions that shall include, but are not limited to, payment of a probation supervision fee . . . . Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for pur-

poses of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under 7413. There may be only 1 discharge and dismissal under this section as to an individual. [Emphasis supplied.]

Pursuant to § 7411(1), after trial or upon entry of a guilty plea, the trial court may defer entering a judgment of guilt for possession of a controlled substance by placing a defendant on probation and, if a defendant does not violate any conditions of probation, the court may discharge the defendant and dismiss the proceedings against him after completion of the probationary term. The apparent purpose of the statute is to grant trial courts discretion to provide an ultimately noncriminal sanction for first-time offenders who commit less serious drug crimes. *Harns, supra* at 577.

There is no dispute that, before their simultaneous convictions for conspiracy to deliver marijuana and possession of cocaine, neither defendant had ever been previously convicted of a crime. The issue, therefore, is whether the simultaneous conviction of conspiracy to deliver marijuana qualifies as a "previous conviction" that would render defendants ineligible for deferment under § 7411 with regard to the conviction for possession of cocaine.

The goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994). If a statute is clear, the courts must enforce its directive. *People v Morris*, 450 Mich 316, 325; 537 NW2d 842 (1995). It is only where a statute is unclear and susceptible to more than one interpretation that judi-

cial construction is allowed. *People v Poole*, 218 Mich App 702, 709; 555 NW2d 485 (1996).

Defendants contend that § 7411 is not ambiguous and that a "simultaneous" conviction, by definition, is not a "previous" conviction. "Simultaneous" is defined as "existing, occurring, or operating at the same time." *Random House Webster's College Dictionary* (1992), p 1248. "Previous," on the other hand, is defined as "coming or occurring before something else." *Id.* at 1070. Here, the Legislature chose to use the specific term "previous." Because we must interpret the text of the statute according to its own clear terms, we conclude that the Legislature intended for § 7411 to apply only to previous convictions, and not to simultaneous convictions.[2] Thus, the trial court was laboring under a misconception of law when it concluded that defendants were not eligible for deferred sentencing under § 7411. Consequently, we vacate defendants' sentences and remand for resentencing. See, e.g., *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981).

Defendants' sentences are vacated and the case is remanded for resentencing. Jurisdiction is not retained.

---

[2] Because the text of the statute is clear, we decline to address the prosecution's public policy arguments. We choose not to overrule the work of the Legislature in promulgating this statute.