# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 7, 2015

Plaintiff-Appellee,

v

No. 320560
Kent Circuit Court
LC No. 13-000380-FH

AMDEBIRHAN ABDERE ALEMU,

Defendant-Appellant.

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Amdebirhan Abdere Alemu, appeals by leave granted the trial court's sentence imposed following his guilty plea for possession of marijuana, MCL 333.7403(2)(d). We vacate and remand.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On or about December 23, 2012, police officers observed defendant in a parking lot of an apartment complex that was known to have a high number of drug sales. The officers approached defendant's car, and defendant told the officers that he had been in the parking lot making a telephone call. The officers noticed a box of clear plastic sandwich bags tucked between the driver's seat and the door. The officers arrested defendant for trespassing, and asked for permission to search the car. Defendant consented to the search. Upon searching the car, officers found a glass jar with approximately 21.24 grams[1] of marijuana inside. In addition, the officers found 2.37 grams in a zip-top bag, as well as a digital scale. Defendant told the officers that he did not intend to sell the marijuana, but rather, intended to share it with his friends who were home from school for the holidays.

On March 26, 2013, defendant pleaded guilty to possession of marijuana. The trial court accepted his guilty plea. In exchange for the guilty plea, the prosecutor dismissed a felony charge for possession with intent to deliver marijuana. At the time of the plea hearing, defense

---

[1] The amount of marijuana was mistakenly listed in the Presentence Investigation Report (PSIR) as one pound of marijuana.

-1-

counsel indicated he would be requesting that the trial court defer entering a judgment of guilt and place defendant on probation under MCL 333.7411(1), which allows the trial court, in cases involving certain controlled substance offenses, to place the offender on probation and defer entering an adjudication of guilt. If the offender complies with his or her probation, the trial court does not enter an adjudication of guilt; however, if the offender does not comply, the trial court enters an adjudication of guilt. See MCL 333.7411(1); *People v Benjamin*, 283 Mich App 526, 530; 769 NW2d 748 (2009).

In a subsequent "Petition for Narcotics Diversion Status," under § 7411(1), defendant argued that he was entitled to a deferred adjudication of guilt because the instant offense was his first offense, and because there were "equitable considerations" that warranted as much. The record indicates that defendant, a 20-year-old University of Michigan student, successfully completed a marijuana education program. The PSIR stated that defendant was a research assistant for one of his college professors. It also stated that defendant took responsibility for his offense and cooperated with the PSIR investigator. The PSIR recommended that the trial court place defendant on probation under § 7411(1).

At his sentencing hearing on May 23, 2013, defendant maintained that the marijuana in his car was for his friends over the holiday break; he denied intending to sell the drug. The trial court stated its disbelief of defendant's account, stating it was "totally incredulous" that defendant had "a pound of marijuana" a box of sandwich bags, and a digital scale, yet he was not planning to sell the drug. The trial court sentenced defendant to a year of probation. At the conclusion of the hearing, defense counsel asked the trial court if it was "granting 7411?" The trial court responded "I am not" with no further discussion of the matter.

In November 2013, defendant moved for resentencing, arguing that the trial court was under the mistaken belief that he possessed a pound of marijuana, when in reality he possessed only approximately 23 grams of the drug. Additionally, defendant requested that the trial court reconsider sentencing under § 7411(1), given defendant's age, the fact that he had no prior criminal history, and the fact that he had not been arrested since the instant offense. In addition, defendant noted that he had complied with his probation, paid all requisite fines and fees, had completed a marijuana educational program, and had received the recommendation of the probation department with regard to § 7411(1), as it stated in the PSIR that defendant was an "excellent" candidate for probation. Defendant also cited his status as a full-time college student, that his grades had improved after his arrest, and that he had been elected as the Programming Chair for a campus organization. Further, defendant stated that he hoped to apply to dental school following his graduation from college, and that a drug conviction could hinder his ability to be accepted into a dental program. Considering all of the above factors, defendant stated that he was an "ideal candidate for diversion" and asked the trial court to reconsider probation under § 7411(1).

The trial court held a hearing on the matter on February 14, 2014, and recognized the error in the PSIR regarding the amount of marijuana defendant possessed at the time of his

arrest. After hearing argument from defense counsel,[2] the trial court stated that it was denying defendant's request for a deferred adjudication of guilt under § 7411(1). The trial court prefaced its decision by stating, "I believe incentives matter." It then stated that its previous decision to deny placement under § 7411(1) "was not based on any quantity [of marijuana] stated or any colloquy between the defendant and myself . . ." and that it had considered defendant's age, lack of prior criminal history or substance abuse, as well as his education and "potential of a bright future." However, the trial court reiterated that "[i]ncentives matter" and that, in fashioning defendant's sentence, its intent was "to give the defendant the opportunity for expungement [of his conviction] under a different section of law, namely; the general statute which requires a five-year period of abstinence,[3] except for minor offenses, and the subsequent consideration presuming that he continues in the path that he has chosen." The court stated that defendant "may apply for expungement" in the future, provided he qualified "under the separate statute . . . ." The court further explained, with regard to its statement that defendant could apply for expungement in five years:

> But in that regard, those paths that he started will be shown to be a permanent path [sic], rather than giving him the opportunity to—giving him the opportunity to earn it [expungement] as a matter of fact as opposed to granting it when his future is still uncertain.

We note that despite the trial court's February 20, 2014 order requiring that the PSIR be corrected to delete reference to "approximately a pound" of marijuana on page 2, it appears that the PSIR has not been corrected. Thus, on remand, we order that the April 2013 PSIR be amended accordingly.

## II. MCL 333.7411

Defendant contends that the trial court abused its discretion by failing to defer the proceedings under § 7411(1). Because the statute affords the trial court discretion regarding whether to defer the proceedings, our review is for an abuse of that discretion. See *People v Ware*, 239 Mich App 437, 441; 608 NW2d 94 (2000). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

MCL 333.7411(1) permits a trial court to defer entering a judgment of guilt in certain scenarios, and provides:

> When an individual who has not previously been convicted of an offense under this article or under any statute of the United States or of any state relating to

---

[2] As part of defendant's plea deal, the prosecution agreed that it would take no position regarding MCL 333.7411(1). It has taken that same position on appeal.

[3] Presumably, the trial court was referring to MCL 780.261, which permits certain convictions to be expunged after five or more years.

narcotic drugs, coca leaves, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under section 7403(2)(a)(v), 7403(2)(b), (c), or (d),[4] or of use of a controlled substance under section 7404, or possession or use of an imitation controlled substance under section 7341 for a second time, the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the individual on probation upon terms and conditions that shall include, but are not limited to, payment of a probation supervision fee as prescribed in section 3c of chapter XI of the code of criminal procedure, 1927 PA 175, MCL 771.3c. The terms and conditions of probation may include participation in a drug treatment court under chapter 10A of the revised judicature act of 1961, 1961 PA 236, MCL 600.1060 to 600.1084. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and, except as otherwise provided by law, is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section 7413. There may be only 1 discharge and dismissal under this section as to an individual.

Proceedings under § 7411 have been described as "deferral proceedings" under which the trial court does not adjudicate guilt when a plea is tendered. *Benjamin*, 283 Mich App at 530. "Instead, the trial court defers proceedings and places the individual on probation." *Id.* If the defendant complies with the terms of probation, the trial court is required to discharge the individual without an adjudication of guilt. *Id.* Conversely, if the defendant fails to comply with the terms of his or her probation, the trial court is to enter an adjudication of guilt. *Id.* Thus, whether the trial court enters an adjudication of guilt is expressly contingent on the defendant's compliance with probation. "The apparent purpose of the statute is to grant trial courts discretion to provide an ultimately noncriminal sanction for first-time offenders who commit less serious drug crimes." *Ware*, 239 Mich App at 441.

We agree with defendant that the trial court abused its discretion in denying deferral under § 7411(1). At the February 14, 2014 hearing, the trial court clarified that its decision to deny deferral was not rooted in the erroneous PSIR report stating that defendant possessed a pound of marijuana, or in its colloquy with defendant regarding his intent to sell the marijuana. Rather, the court stated that it would deny deferral under § 7411(1), "giving [defendant] the opportunity to earn it [expungement] as a matter of fact as opposed to granting it when his future is still uncertain." The trial court's stated reason for denying deferral—making sure that defendant "earn[ed] it"—*is the very purpose of § 7411(1)*. In order for a defendant to have the

---

[4] Defendant pleaded guilty to possession of marijuana, MCL 333.7403(2)(d), and there is no dispute that such a plea made him eligible for consideration under § 7411(1).

proceedings dismissed without an adjudication of guilt under § 7411(1), he or she must "earn it." Any violation of probation allows the court to enter an adjudication of guilt. See MCL 333.7411(1). In other words, the defendant is to prove himself or herself. The defendant is not automatically entitled, under § 7411(1), to have the adjudication of guilt dismissed. The defendant, with a still uncertain future, must prove, by way of compliance with an order of probation, that he or she has earned a dismissal without an adjudication of guilt.

By denying defendant's request for probation under § 7411(1) for the reason that he had to prove his worth, the trial court misapprehended the process for a deferred adjudication under the statute. The point of requiring a defendant to comply with probation before obtaining a dismissal without an adjudication of guilt is to make the defendant "earn it." Defendant, by requesting the procedure set forth under § 7411(1), was asking for the opportunity to "earn it." In essence, defendant requested the very thing that the trial court cited as its sole reason for denying the request for deferral proceedings under § 7411(1). In denying defendant's request for this reason, the trial court misconstrued the deferral process set forth in § 7411(1) and necessarily abused its discretion. See *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012) ("A trial court necessarily abuses its discretion when it makes an error of law."); *Ware*, 239 Mich App at 442 (holding that the trial court abused its discretion when it misapplied § 7411(1)). Accordingly, we vacate defendant's sentence, including the adjudication of guilt, and remand for resentencing. *Ware*, 239 Mich App at 442. On remand, the case is placed in a presentence posture. See *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007); *People v Ezell*, 446 Mich 869; 522 NW2d 632 (1994). Thus, on remand, the trial court is to consider defendant's request for deferral proceedings under § 7411(1) and is to decide the request on its merits. See *Ware*, 239 Mich App at 442.[5]

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

[5] Because we vacate and remand for reconsideration under § 7411(1), we need not consider defendant's unpreserved argument that the trial court should have sentenced him under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*.