# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 19, 2017

v

No. 333156
Wayne Circuit Court
LC No. 15-010590-01-FC

STEVEN MAURICE MOTEN,

Defendant-Appellant.

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of reckless driving causing death, MCL 257.626(4). The court sentenced defendant to a prison term of 3 to 15 years.[1] Because the trial court did not improperly sentence defendant based on a lack of remorse, we affirm.

On November 14, 2015, at proximately 10:30 p.m., defendant's vehicle and two other vehicles were involved in a drag race, over 100 miles per hour, on a highway. At some point during the race and due to the impact from colliding with one of the vehicles, defendant's vehicle drifted into oncoming traffic, causing a five-car accident and resulting in the death of a passenger in another vehicle.

Defendant asserts that the trial court found that he was unremorseful and imposed a harsh sentence based on that finding. Defendant contends that three factors support his assertion: (a) defendant's refusal to admit guilt after the conviction, (b) the trial judge's attempt to have defendant admit guilt, and (c) the appearance that defendant's sentence would not have been as severe if he admitted guilt. At the time of sentencing, when defendant requested that the trial court consider him for status under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*, the trial court responded by stating that defendant lacked remorse and respect. Defendant claims that his Fifth Amendment right against self-incrimination extends to the sentencing phase,

---

[1] The jury acquitted defendant of second-degree murder, MCL 750.317, but found him guilty of reckless driving causing death.

-1-

and that the court improperly sentenced him on the basis of his lack of adequate remorse.[2] Accordingly, defendant argues that his Fifth Amendment due-process rights were violated and that the fairness, integrity, or public reputation of judicial proceedings was seriously affected. We disagree.[3]

A court cannot impose a sentence based on a defendant's refusal to admit guilt, nor can it offer to impose a lesser sentence in return for an admission of guilt. *People v Conley*, 270 Mich App 301, 314; 715 NW2d 377 (2006). However, a brief reference to defendant's refusal to admit guilt is permitted when the court merely addresses a defendant's lack of remorse as it pertains to his rehabilitation. *People v Wesley*, 428 Mich 708, 713; 411 NW2d 159 (1987). This Court looks to three factors to determine whether a sentencing court improperly considered a defendant's refusal to admit guilt: " '(1) the defendant's maintenance of innocence after conviction; (2) the judge's attempt to get the defendant to admit guilt; and (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe.' " *People v Payne*, 285 Mich App 181, 194; 774 NW2d 714 (2009) (citation omitted). The presence of all three factors indicates that the sentence was likely improperly influenced by a defendant's refusal to admit guilt. *Id*.

Applying the three factors to determine if the trial court improperly considered defendant's refusal to admit guilt shows that a need for resentencing has not been demonstrated. First, while defendant did not formally express acceptance of guilt, he stated at sentencing that he was sorry for the death of the victim and took full responsibility. While this is not necessarily an admission of guilt, it demonstrates that the court was more concerned with whether defendant had remorse for the victim's death rather than whether he was precisely admitting guilt.

Regarding the second factor, the trial court did not attempt to make defendant admit his guilt. The transcript does not show any effort by the trial court to strong arm defendant into admitting his guilt; rather, the court's comment that "there is a certain amount of remorse" on defendant's part, "but not much," merely reflects a comment on the trial court's evaluation of defendant's lack of sincerity and focus on his own self-interest.

---

[2] Defendant phrases the issue in terms of lack of remorse, but is also referring to a failure to admit guilt.

[3] To preserve a due process argument for appellate review, a defendant must raise an objection on that ground in the trial court. *People v Hanks*, 276 Mich App 91, 95; 740 NW2d 530 (2007). Defendant did not raise a due process argument before the trial court leaving the issue unpreserved. Generally, this Court reviews constitutional due process claims de novo. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007). Further, defendant failed to preserve the sentencing issue by raising his argument " 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.' " *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016), quoting MCR 6.429(C). Unpreserved issues are reviewed for plain error affecting substantial rights. *People v McNally*, 470 Mich 1, 5; 679 NW2d 301 (2004).

With regard to the third factor, there is no indication that defendant would have received a lesser sentence if he had expressly admitted guilt. The trial court was clearly more concerned with other factors when considering defendant's rehabilitation, including defendant's lack of taking responsibility for his actions, recklessness, and especially his poor driving record. The court addressed defendant's lack of responsibility by questioning if defendant understood what the term "responsible" meant, and stating that defendant wanted to act like the accident never happened. The court also stated that defendant was reckless for participating in a road race especially when there would likely be traffic on the road. The court expressed concern that if defendant was released back into society, he would be a continued threat to the people around him based on his poor driving record. To support its concerns, the court cited defendant's past driving record of disobeying a traffic signal, driving the wrong way on a one-way street, and disobeying stop signs. The court explained that respecting traffic laws was an important consideration in the present case and that defendant's previous failure to obey traffic laws influenced the court's sentencing decision. Therefore, the third factor has not been established. The sentencing court did not improperly consider defendant's refusal to admit guilt in imposing the sentence.

While a sentencing court cannot base its sentence on a refusal to admit guilt, it can take into consideration defendant's lack of remorse in imposing a sentence. *Wesley*, 428 Mich at 714. A court may impose a higher sentence due to a defendant's lack of remorse when determining his potential for rehabilitation. *Id.* Rehabilitation is a necessary consideration in determining an appropriate sentence. *People v Daniel*, 462 Mich 1, 7 n 8; 609 NW2d 557 (2000). As earlier discussed, although the court noted that defendant showed some remorse, it declined to "close its eyes" to defendant's poor driving history. The court's consideration of defendant's lack of remorse was appropriate because it was in the context of his rehabilitation potential. *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995). The court is permitted to impose a sentence at the upper end of the guidelines range due to lack of remorse as it referred to rehabilitation when explaining that defendant is dangerous and should not be driving. *Houston*, 448 Mich at 323.

Finally, we note that defendant's sentence was within the range of the applicable sentencing guidelines. The sentencing guidelines range was determined to be 19 to 38 months and defendant was sentenced to a minimum term of 36 months' imprisonment. Although the sentence was set at the upper end of the guidelines range, the court did not impose a sentence that exceeded the guidelines range. Defendant has failed to overcome the presumption that the sentence was appropriate because he failed to "present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Defendant has not suffered prejudice and is not entitled to any relief.[4]

---

[4] Defendant's suggestion that his denial of HYTA status comprised an excessively harsh sentence is without merit. Defendant would not have been eligible for youthful-trainee status

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

---

because he did not plead guilty of the offense; rather, he was tried and convicted of that offense. *People v Dash*, 216 Mich App 412, 413-414; 549 NW2d 76 (1996).